ESTATE OF FINK.

*October 16—November 9, 1926.*

*Army and navy: War risk insurance: Who is entitled on death of insured and designated beneficiary: Administrators de bonis non.*

1. In determining who is entitled to unpaid instalments due on a soldier's war risk insurance policy after the death of the person first entitled, the federal statutes govern.  p. 351.
2. Under sec. 14 of the act of Congress of March 4, 1925, amending sec. 303 of the act of June 7, 1924, unpaid instalments on a war risk policy are payable to the estate of the insured on the death of his father, not to his brothers as sole remaining survivors of the permitted class of beneficiaries.  p. 352.
3. The widow of the insured's father, who was the sole heir of his son, had an interest in unpaid instalments under the policy on the father's death leaving a will dividing his estate equally among the widow and two sons, and hence was entitled to preference under sec. 311.02, Wis. Stats., in the appointment as administratrix of the son's estate.  p. 352.
4. A proceeding by the widow of the deceased administrator for appointment as administratrix of his decedent's estate must be deemed a proceeding under sec. 311.11, Wis. Stats., for the appointment of an administrator *de bonis non,* not for the appointment of a special administrator under sec. 311.10.  p. 352.

APPEAL from an order and a judgment of the county court of Milwaukee county: DAVID W. AGNEW, Acting Judge. *Reversed.*

Action upon a soldier's yearly renewable term insurance policy to determine who is entitled to the unpaid instalments. Ralph T. Fink, a soldier in the late war, took out the policy payable to his mother. She predeceased him and he appointed no other beneficiary. Later Ralph died intestate leaving surviving him his father and his two brothers,, *Walter E.* and *Edwin H. Fink.* Ralph's estate was duly administered by his father, Simon, and the estate was assigned to him and he was discharged as administrator. Annual payments upon the policy were made to Simon as long as he lived. After Ralph's death his father married again, and upon the latter's death his widow, *Minnie Fink,* claimed the unpaid instalments due upon the policy. She had been appointed the executrix of her husband's estate according to his will, wherein he gave all his property to his widow and two sons share and share alike, but without any mention of the insurance here in question, which is now payable in a lump sum.

The county court denied the petition of *Minnie Fink* to be appointed administratrix *de bonis non* and granted the petition of *Edwin H. Fink* to be appointed administrator *de bonis non,* and adjudged that the insurance money be paid equally to the two brothers. *Minnie Fink* appealed.

*A. A. Cooper* of Milwaukee, for the appellant.

For the respondents there was a brief by *Rix, Barney & Kuelthau* of Milwaukee, and oral argument by *Earl G. Kuelthau.*

VINJE, C. J. The question here presented by the appeal is this: Does the unpaid insurance money belong to the two brothers or to the estate of Ralph Fink? If it belongs

to the brothers, then the county judge correctly disposed of the case; but if it belongs to the estate of Ralph Fink, then there must be a reversal.

The federal statutes govern, and prior to the amendment of March 4, 1925, by ch. 553 (43 U. S. Stats. at Large, p. 625), sec. 303 provided:

"If no person within the permitted class of beneficiaries survive the insured, or if before the completion of payments the beneficiary or beneficiaries shall die and there be no surviving person within said permitted class, then there shall be paid to the estate of the insured the present value of the monthly instalments thereafter payable under the provisions of this title."

Under this statute the brothers would have been entitled to the insurance because they belonged to the permitted class and survived. But sec. 14 of ch. 553 (43 U. S. Stats. at Large, p. 1310) amended sec. 303 to read:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty instalments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly instalments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, that all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this act shall continue until the death of the person receiving such payments or until he forfeits same under the provisions of this act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly instalments of the insurance so awarded to such person. Provided further, that no award of yearly renewable term insurance which has

been made to the estate of a last surviving beneficiary shall be affected by this amendment. . . . This section shall be deemed to be in effect as of October 6, 1917."

In the case at bar the mother was designated as beneficiary. She was within the permitted class, but she died before the insured. The first part of the section provides that in such case the unpaid insurance shall be paid to the estate of the insured.

If we consider the case one where the father was receiving the insurance, then the act provides that "when any person to whom such insurance is now awarded dies . . . then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly instalments of the insurance so awarded to such person." So in either case the statutory direction is to pay the insurance due into the estate of the deceased. Owing to the change in the statute in 1925, cases cited by the respondent arising under the earlier statutes have no application.

Simon Fink was the sole heir of his son Ralph, hence whatever comes into the estate of Ralph becomes the estate of Simon after his death. His estate is to be divided equally among his widow and two sons. The widow, therefore, has an interest in the unpaid insurance, and unless unfit she should, under the provisions of sec. 311.02, be given preference in the appointment as administratrix.

This must be deemed a proceeding under sec. 311.11 for the appointment of an administrator *de bonis non,* and not an appointment of a special administrator under sec. 311.10.

*By the Court.*—Order and judgment reversed, and cause remanded for further proceedings according to law.