(110 So. 403)

### PERRYDORE et al. v. HESTER.
### (8 Div. 871.)

(Supreme Court of Alabama. Nov. 18, 1926.)

**1. Army and navy ☞51½, New, vol. 12A Key-No. Series—Where designated beneficiary died prior to insured, under original act war risk insurance becomes payable to widow and child (Act Cong. Oct. 6, 1917, §§ 400–402 [U. S. Comp. St. §§ 514u, 514uu, 514uuu]).**

Under Act Cong. Oct. 6, 1917, §§ 400–402 (U. S. Comp. St. §§ 514u, 514uu, 514uuu), on death of father designated as beneficiary of insured prior to death of insured, his widow and only child would take the proceeds of war risk insurance.

**2. Army and navy ☞51½, New, vol. 12A Key-No. Series—Agreement that war risk insurance be security for indebtedness to beneficiary is invalid (Act Cong. Oct. 6, 1917 [U. S. Comp. St. § 514a et seq.]).**

Valid claim against proceeds of war risk insurance, issued under Act Cong. Oct. 6, 1917 (U. S. Comp. St. § 514a et seq.), cannot be based on agreement that insurance should be security for indebtedness to then designated beneficiary, in view of positive provisions against assignment and liability for debt, and for change of beneficiary at will.

**3. Army and navy ☞51½, New, vol. 12A Key-No. Series—Statutes applicable to converted war risk insurance held inapplicable to unconverted insurance (Act Cong. Dec. 24, 1919, § 16 [U. S. Comp. St. § 514vv (2)]; Act Cong. June 7, 1924, § 22 [U. S. Comp. St. § 9127½—22]; Act Cong. Oct. 6, 1917 [U. S. Comp. St. § 514a et seq.]).**

Act Cong. Dec. 24, 1919, § 16 (U. S. Comp. St. § 514vv [2]); Act June 7, 1924, § 22 (U. S. Comp. St. § 9127½—22), applying to converted war risk insurance, *held* inapplicable to insurance in effect under Act Cong. Oct. 6, 1917 (U. S. Comp. St. § 514a et seq.), in view of provision that, until converted, the insurance shall remain term insurance.

**4. Army and navy ☞51½, New, vol. 12A Key-No. Series—Act providing that war risk insurance on death of beneficiary be paid to insured's estate should be construed with other unrepealed statutes, and as to claims accrued before enactment does not affect exemptions in favor of widow and child of insured (Act Cong. March 4, 1925, § 14 [U. S. Comp. St. § 9127½—303]; Act Cong. June 7, 1924, § 602 [U. S. Comp. St. § 9127½—602]).**

Act Cong. March 4, 1925, § 14 (U. S. Comp. St. § 9127½—303), providing that on death of named beneficiary war risk insurance shall be paid in lump sum to estate, is to be construed in connection with other unrepealed statutes, including Act Cong. June 7, 1924, § 602 (U. S. Comp. St. § 9127½—602), and as to claims then accrued is administrative only, not affecting its exemption from·debts.

Appeal from Circuit ·Court, Franklin County; Chas. P. Almon, Judge.

Bill in equity by Velma Hester, individually, as administratrix of the estate of Robert L. Hester, deceased, and as next friend of Dorris Erlene Hester, a minor, against Myrtle Perrydore and others, to which defendants filed cross-bill. From the decree, defendants appeal. Affirmed.

It is shown by the bill that the· complainant is the widow of Robert L. Hester, deceased, and that Dorris Erlene is the only child and heir at law of decedent; that complainant has been appointed administratrix of decedent's estate by the probate court .of Franklin county, where the administration of said estate is now pending; that the only purpose of the administration was and is the collection from the United States of a certain policy of insurance on the life of decedent, which has been collected, and constitutes all and singular the assets of the estate; that said policy was issued on the life of decedent during the period of the World War, he being at the time a soldier; that no designated beneficiary survived the insured, and by operation of law the policy inures to the benefit of complainant and the minor child of decedent as sole distributees of his estate; and that the proceeds of the policy are exempt from the debts of decedent.

It is alleged that the defendants have each filed claims against the estate, and that, in event said claims are just, complainant has no funds in her hands subject to the payment thereof.

The prayer is for removal of the administration from the probate court to the circuit court in equity, and for a ·decree declaring the proceeds of said policy not subject to debts, and directing distribution as provided by law.

Defendants filed answer and cross-bill denying that the proceeds of the policy were payable to complainant and the minor, and are exempt from the payment of debts, and allege that the policy was made payable to

the father of decedent; that the father and mother (one of the defendants) advanced to, and became largely indebted on account of, decedent, with the understanding that the father should hold the policy as "surety for said indebtedness"; that the father of decedent died, and the mother paid and discharged the indebtedness so created for the benefit of decedent. It is further alleged that the policy in question was convertible; that after the death of the named beneficiary the policy was payable only to the estate of the insured; that the proceeds collected by the administratrix became the property of the estate, subject to the rights of the widow, minor child, and creditors of decedent as other property owned by him at his death. The relief sought is a decree directing the administratrix to pay the accounts of defendants, with interest.

Complaint demurred to the cross-bill. The trial court rendered a decree sustaining the demurrer, and defendants have appealed.

Kirk & Rather, of Tuscumbia, for appellants.

Life insurance taken out and premiums paid by the insured, and payable to his estate, is property subject to the payment of his debts. Pope v. Carter, 210 Ala. 533, 98 So. 726; Code 1923, §§ 5802, 5821. The insurance was convertible, and, on failure of the designated beneficiary to survive, became payable to the estate. 1 U. S. Comp. St. Anno. 1916, 1923 Supp., § 514vv (2) (8). Assignment by person to whom converted insurance is payable is not prohibited. Act Cong. June 7, 1924, § 22.

J. Foy Guin, of Russellville, for appellee.

The proceeds of this policy of insurance were payable to the widow and child, and are not subject to the claims of creditors. U. S. Comp. St. 1918, § 514uuu; Appendix to Comp. St. 1918, § 514nnn¼; Comp. St. 1925, § 9127½—22, 9127½—602; Comp. St. Supp. 1923, § 514uuu; Cassarello v. U. S. (D. C.) 271 F. 491. Where the administrator collects the proceeds, he simply holds in trust for the wife and child. 37 C. J. 566.

BOULDIN, J. The war risk insurance issued to a soldier of the World War, pursuant to an Act of Congress of October 6, 1917 (U. S. Comp. St. § 514a et seq.), is yearly renewable term insurance, payable to the soldier upon permanent total disability, or to a beneficiary, within a permitted class, designated by him during life or by will.

Upon failure to designate a beneficiary, or, if the beneficiary designated does not survive the insured, the insurance is payable to such person or persons, within the permitted class of beneficiaries, as would, under the laws of the state of the residence of the insured, be entitled to his personal property in case of intestacy.

It is a benefit insurance, payable to the soldier or to beneficiaries designated by the insured or by the law. It is not assignable, nor subject to the claims of creditors of the insured, or of the beneficiary. Subject to regulation, the insured may change the beneficiary without the latter's consent. 40 U. S. Stat. at Large, p. 409, §§ 400, 401 and 402 (U. S. Comp. St. §§ 514u, 514uu, 514uuu).

[1] If the fund here involved is subject to the terms of the original act, we think it clear that upon the death of S. W. Hester, father of the insured and designated beneficiary, prior to the death of the insured, Robert L. Hester, no other beneficiary having been named, the insurance, upon the death of the insured, became payable to his widow and only child, and is not subject to the claims of creditors of the estate of the insured.

[2] The positive provisions against assignment, against liability for debt, and for change of beneficiary at will, forbid any valid claim based upon a pledge or agreement that the insurance should stand as security for an indebtedness growing out of loans or advances from S. W. Hester to Robert L. Hester during the lifetime of the former, and while he was the designated beneficiary of the insurance.

[3] By the act of 1917 it was contemplated that, after the cessation of hostilities, wartime insurance should be converted into policies similar to various classes of old line insurance. In later legislation to that end, this is styled "converted insurance," or "United States government life insurance." But until converted, upon the application of the insured, the war-time insurance remains "term insurance for successive terms of one year each." 1 U. S. Comp. Stat. 1916, Sup. 1923, p. 61, § 514vv.

The original bill in this case shows the fund here involved was derived from the original war-time certificate. The cross-bill does not deny this, but avers it was convertible insurance, as was all such insurance.

The provision of the Act of December 24, 1919, § 16, for payment of "converted insurance" in certain events to the estate of the insured (1 U. S. Comp. Stat. 1916, Sup. 1923, p. 62, § 514vv [2]) does not apply here. We need not construe the effect of that statute as to converted insurance. The same may be said touching section 22, Act of June 7, 1924 (U. S. Comp. St. § 9127½—22) authorizing an assignment of converted insurance to another within the permitted class of beneficiaries.

Robert L. Hester, the insured, died October 13, 1923. The provisions of law making the insurance payable to his wife and child, upon failure to name a beneficiary after the death of his father, the first named beneficiary, and all the provisions against liability for debt and assignment of the insurance, remained in force to that date. The right to

the fund accrued to the wife and child, the persons entitled to take under the laws of Alabama in cases of intestacy, upon the death of the insured.

[4] The Act of March 4, 1925, provides that in the instant circumstances the fund shall be paid in lump to the "estate of the insured." 43 Stat. 1310, § 14; U. S. Comp. Stat. 1925 Sup. § 9127½—303. This provision is to be construed in connection with others still remaining in the statutes unrepealed; among these, the general provision of the Act of June 7, 1924, that the repeal of certain statutes in the compilation made by that act shall not affect any right or liability already accrued. 43 Stat. 630, § 602 (U. S. Comp. St. § 9127½—602).

With reference to claims already accrued as here, the Act of March 4, 1925, we think, is to be considered administrative in character.

To relieve the Veteran's Bureau of the task of ascertaining the persons entitled to take in case of intestacy under the laws of the various states, and maybe foreign countries, the fund is paid to the personal representative of the estate, to be distributed by the local jurisdiction, but in accordance to law. An analogy is presented under our law in case of damages awarded to an administrator in actions for death by wrongful act. He is a mere trustee or conduit to receive and pass on the funds to those entitled free from the debts of the decedent.

It is not intended to intimate a different view in case of death of the insured after the Act of March 4, 1925. After the soldier has carried his insurance for years, and under law made conditions that the benefit shall go to his widow and orphan without designating them beneficiaries, it will not be assumed that Congress intended such a change as would put on the soldier the active duty to name them beneficiaries, without very clear and express provisions to that end. The same reasoning would apply to a soldier, who, being under total disability, has his insurance automatically carried by his government, charging unpaid premiums and interest thereon against the policy when it becomes a matured claim.

The general policy of payment to the soldier or designated beneficiaries, free from the claims of creditors, running through the World War legislation, as well as similar legislation relating to soldiers' bounties and allowances through a long course of history, oppose the construction insisted upon by appellants. However, the present case involves funds accruing prior to the Act of March 4, 1925, and the decision is limited to such case.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.