[No. 20795.   Department Two.   April 11, 1928.]

*In the Matter of the Estate of* LEROY W. CROSS,
*Deceased.*

THE STATE OF WASHINGTON *et al., Appellants,* v. J. L.
CROSS, *as Administrator, Respondent.*[1]

[1] ARMY AND NAVY — WAR RISK INSURANCE — DESCENT OF CON-
TINGENT REMAINDER.  The contingent remainder of war risk in-
surance is payable to the heirs of the insured at the time of his
death, under the amendment of the war risk act of March, 1925,
providing that, if the beneficiary of the insurance dies before
receiving all the installments, the present value of subsequent
installments shall be paid to the estate of the insured, and that
the act shall be deemed to be in effect as of October 6, 1917.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered June 18, 1927,
upon finding in favor of the defendant, in an action to
determine the distributees of an estate.   Reversed.

*G. W. H. Davis, W. F. Van Ruff,* and *F. B. Danskin,*
for appellants.

*Miller & Freese,* for respondent and cross-appellant.

ASKREN, J.—LeRoy W. Cross was killed in France in
the world war on October 22, 1918.   He was unmarried
and left neither issue nor will.   He had taken out a
$10,000 policy of war risk insurance issued by the
government of the United States.   At the time of his
death, his father and mother survived him and were
his heirs under the laws of the state of Washington.
Rem. Comp. Stat., §§ 1341-1364 [P. C. §§ 9847 *et seq.*].
Conformably to requirements, he had named his mother,
Margaret Cross, as the beneficiary of the war risk in-
surance.   Upon his death, the government paid to the

[1]Reported in 266 Pac. 711.

beneficiary a monthly payment of $57.50, and was to continue the payments until the proceeds of the policy had been paid in full, unless she died before that time. In June, 1924, Congress passed an amendment to the war risk act providing:

"If the designated beneficiary survives the insured and dies before receiving all the installments of converted insurance payable and applicable, then there shall be paid to the *estate of such beneficiary* the present value of the remaining unpaid installments."

In March of the following year, still another act was passed, changing the person entitled to receive the balance due upon the death of the beneficiary. It was, so far as pertinent here, as follows:

"If the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving the 240 installments or all such as are payable and applicable, there shall be paid to the *estate of the insured* the present value of the monthly installments thereafter payable . . ."

This act provided: "This section shall be deemed to be in effect as of Oct. 6, 1917." April 29, 1926, Margaret Cross, the beneficiary, died, and under the last act, just noted, the balance of the insurance amounting to $6,983, was paid to the administrator of the estate of LeRoy W. Cross. In the meantime, the father had died leaving a will which devised all his estate to his wife, Margaret Cross. The estate of LeRoy Cross being ready for distribution the administrator of the estate of Margaret Cross asked that it be distributed to that estate, on the ground that, at the death of LeRoy Cross, his heirs were his father and mother, and that, since the father had willed his estate to the mother, she would take all of the estate of LeRoy Cross. The inheritance division of the tax commission of the state of Washington filed its claim for inherit-

ance tax, and after a hearing, the court concluded that the estate should be distributed to seven brothers and sisters and two nephews of the deceased brother. The court also ruled that no inheritance tax was due. Both sides have appealed, the state contending that an inheritance tax should be paid, because the estate was being distributed to collateral heirs; and the administrator insisting that the estate should be distributed to the administrator of the estate of Margaret Cross.

It is admitted by the state that, if the estate of LeRoy Cross is distributed to the administrator of the estate of Margaret Cross, there will be no inheritance tax due because of the size of the first estate, and the fact that the second estate is bequeathed to direct heirs.

It is apparent that the question of heirship may be determinative of the case, and will, if decided in favor of the cross-appellant, not require a decision upon the very important and interesting question of whether insurance under the war risk act is exempt from taxation upon the ground that it is seeking to impose an inheritance tax on life insurance and not upon the right of the heirs to receive.

[1] We think the statement heretofore made of the facts in this case narrow the question to be considered It is this: Shall the estate of LeRoy Cross be distributed to those who were his heirs at the time of his death, or to those who were the living heirs at the time of the probate of the estate? Or, perhaps the question should be more properly stated, Is heirship determined as of the date of death or at the time the fund or property is paid into an estate and the estate probated?

Attention has been called to the fact that the last act of Congress which provided that the lump sum still due on a policy after the death of the beneficiary

should be paid to the estate of the insured and that it should take effect as of October, 1917.

Both sides apparently concede the validity of such legislation and its force and effect. If such a law had been in effect at the time of the insured's death, it seems clear that his estate would consist of the contingent remainder of the policy of insurance, i. e., whatever balance would remain in case the beneficiary did not live long enough to receive the face of the policy. It seems also patent that his heirs would be his mother and father. It is true that each of them died before receiving that which they were entitled to as heirs, but the father having willed his estate to the mother, she would have a right, if living, to claim under the statute of descent, and in case of her death, the administrator could make that claim for her estate. The delay in probating the estate of LeRoy Cross, whether it arose from the fact that there was no known or available property or rights to distribute, could not change the fact that his heirs are those who at the time of his death survived him, and were, under the laws of descent, entitled to take the estate.

The judgment is reversed with instructions to distribute the estate of LeRoy W. Cross to the estate of Margaret Cross, deceased.

MACKINTOSH, C. J., HOLCOMB, MAIN, and FULLERTON, JJ., concur.