[No. 20963.   Department Two.   July 24, 1928.]

*In the Matter of the Estate of* MARGARET CROSS,
*Deceased.*

J. L. CROSS, *as Executor, Appellant,* v. THE STATE OF
WASHINGTON, *Respondent.*[1]

[1] ARMY AND NAVY (1)—TAXATION (225)—INHERITANCE TAX—
NATURE—EXEMPTION—PROCEEDS OF WAR RISK INSURANCE.  Since
the state has the power to tax the "right to receive" the estate
of another, the proceeds of war risk insurance are not exempted
from our inheritance tax, by the Act of Congress of June 7,
1924, ch. 320, § 22, exempting the same from "all taxation",
since our inheritance tax is not a tax on the estate itself,
or within the intent of the Act of Congress.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered June 18, 1927,
upon findings in favor of the defendant, in an action
to determine the distribution of an estate.  Reversed.

*Miller & Freese,* for appellant.

*G. W. H. Davis, W. F. Van Ruff,* and *F. B. Danskin,*
for respondent.

ASKREN, J.—A per curiam opinion (*In re Cross'
Estate,* 147 Wash. 699, 266 Pac. 712) was filed in this
case April 11, 1928, holding that, since the identical
questions were involved therein that were disposed of
in the companion case of *In re Cross' Estate,* 147
Wash. 441, 266 Pac. 711, filed the same day, that opin-
ion would control.

The sole question decided in that case was whether
the proceeds of certain war risk insurance paid by
the Federal government to the estate of Le Roy W.
Cross, deceased, should be distributed to those who
were his heirs at the time of his death or at the later

[1]Reported in 269 Pac. 339.

period of probating the estate. This disposition of the case left it unnecessary to decide another important question raised, which was this: Are the proceeds of war risk insurance exempt from the state inheritance tax. We stated the reasons for refusing to decide that point in the following language:

"It is admitted by the state that, if the estate of LeRoy Cross is distributed to the administrator of the estate of Margaret Cross, there will be no inheritance tax due because of the size of the first estate, and the fact that the second estate is bequeathed to direct heirs.

"It is apparent that the question of heirship may be determinative of the case, and will, if decided in favor of the cross-appellant, not require a decision upon the very important and interesting question of whether insurance under the war risk act is exempt from taxation upon the ground that it is seeking to impose an inheritance tax on life insurance and not upon the right of the heirs to receive."

A petition for rehearing filed by the supervisor of the inheritance tax division of the state of Washington calls attention to the fact that, in the estate of Margaret Cross, deceased, there will be an excess over the $10,000 exemption provided by statute, and that there will be approximately fourteen dollars due in taxes, if we should hold that the proceeds of war risk insurance is subject to the state tax. Attention is further called to the fact that other estates are now pending, awaiting the decision upon this point.

While the amount of the tax which would be due under a decision favorable to the state is very small, yet we think the question so important to the state in disposing of pending estates that it becomes our duty to decide the question involved.

[1] The claim of appellant that the proceeds of such insurance are exempt from taxation rests primarily upon § 22, ch. 320, Acts of Congress passed June 7, 1924, as follows:

"That compensation, insurance and maintenance and support allowance payable under Titles II, III, and IV, respectively shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Titles II, III, or IV; and shall be exempt from all taxation; *Provided,* That such compensation, insurance, and maintenance and support allowance shall be subject to any claim which the United States may have, under Titles II, III, IV, and V, against the person on whose account the compensation, insurance or maintenance and support allowance is payable."

It is respondent's contention that, no matter how this particular section be viewed, it should not be construed to prohibit the state from enforcing its inheritance tax, the particular one here in controversy. The right of the state of Washington to impose an inheritance tax has been upheld by us many times, and we have adverted to the fact that this tax is not a tax upon the estate itself, but is a tax which the state may, and does, impose upon the right to receive the property of the estate, since it is within the power of the state to determine the disposition of property. *In re Clark's Estate,* 37 Wash. 671, 80 Pac. 267; *In re White's Estate,* 42 Wash. 360, 84 Pac. 831; *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122; *In re Sherwood's Estate,* 122 Wash. 648, 211 Pac. 734.

Thus, in the last cited case, we observed:

"Before considering the first of the points of difference, it is well to call to mind the principle upon which taxes upon and exactions from the estate of a deceased person rests. The right of the owner of property to direct what disposition shall be made of it after his death is not a natural right which follows from mere ownership. On the contrary, the right has its sanction in the laws of the state having jurisdiction over the person of the donor or jurisdiction over the property. The state may, if it so chooses, take to itself the whole of such property, or it may take any part thereof less

than the whole and direct the disposition of the remainder; and this without regard to the wishes or direction of the person who died possessed of it, and without regard to the claims of those to whom he has directed that it be given. Stated in another way, the states's power over such property is plenary, and its right to direct its disposition unlimited. It follows from this that those claiming the property must find the foundation for their claim in the laws of the state. They can have no claim superior to that which such laws give them. . . . ''

It quite clearly appears, therefore, from our decisions, that the state may tax the ''right to receive'' the estate of another. Possessing this right it is hardly likely that the act of Congress was intended to prevent the proceeds of war risk insurance from being taxed by the state after they had been paid into the estate of a soldier, and were to be distributed under and by virtue of the laws of that state. It may be doubtful whether Congress intended anything more than exemption from Federal taxation, but in any event, we do not think it should be construed to prevent state taxation where the funds had passed from Federal control and jurisdiction, and the particular tax sought to be imposed is one placed on the ''right of succession'' governed by state laws.

The United States Veteran's Bureau has construed the exemption clause to the same effect, and its opinion is set out by the *Attorney General* of Iowa in an opinion recently handed down by him, holding that the proceeds of war risk insurance payable to the deceased's estate are subject to the Iowa state inheritance tax. Prentice-Hall Inheritance Tax Service, Iowa Inheritances, pp. 1003-4.

The *Attorney General* of Maryland has rendered a like opinion. Prentice-Hall Inheritance Tax Service, Maryland Inheritances, p. 1001.

The words used in the act of Congress exempting war risk insurance are not nearly so comprehensive as those which the United States supreme court was called upon to construe in *Plummer v. Coler,* 178 U. S. 115. In that action, the state of New York sought to impose an inheritance tax on an estate consisting of U. S. bonds. These bonds bore on their face the words,

"The principal and interest are exempt from the payment of all taxes or duties due the United States, as well as from taxation in any form by or under state, municipal or local authority."

It was contended that such bonds, issued under authority of Congress,, could not lawfully be subject to a state inheritance tax. The supreme court, however, in an exhaustively reasoned opinion, wherein was reviewed the holdings of many state courts, reached the conclusion that an inheritance tax is not a tax on the property itself, but on the right to receive under the laws of the state, and therefore the distributees' shares were subject to the inheritance tax.

We conclude that the distributive shares of the heirs of the estate of Margaret Cross, deceased, are subject to the inheritance tax imposed by the laws of the state of Washington. Judgment reversed.

MAIN and HOLCOMB, JJ., concur.