(135 So. 167)

**FIRST NAT. BANK OF CHATTANOOGA, TENN., et al. v. FORESTER.**

**6 Div. 865.**

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 18, 1931.

Charles H. Neighbors, of Chattanooga, Tenn., and Ben F. Ray and L. B. Bewley, both of Birmingham, for appellants.

S. J. Hale, of Trenton, Ga., for appellee Ollie Forester, as executrix of the estate of J. D. Forester.

ANDERSON, C. J.

This case involves the title and method of distribution of the remaining proceeds of a war insurance policy after the death of the beneficiary named in said policy who died before the annual payments absorbed the fund. Ernest E. Forester, the soldier and insured, died in 1919, having designated J. D. Forester, his father, as beneficiary. The said father and beneficiary died in 1928, and there was left a net balance on said policy of $5,664.14.

The question is: Should this balance be distributed as of the date of the death of the insured in 1919, or the date of the death of the father, the beneficiary, in 1928? This involves a determination as to what law or act of Congress must control, that is, whether the act of 1925 (38 USCA § 514) applies, the insured having died before the enactment of same. Although the act of 1925 was enacted subsequent to the death of the insured, it was within the power of Congress to amend the act and provide for the distribution of the unaccumulated installments. The father, the first beneficiary, had no such vested right therein as to prevent the change of the beneficiary as. to the installments not accumulated at the time of his death. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. ed. 530. This being true, it has been settled by the decided weight of authority that the unaccumulated installments became assets of the estate of the insured and should be distributed to those who took under the laws of descent and distribution as of the date of the insured's death. National Union Bank of Rock Hill v. McNeal, 148 S. C. 30, 145 S. E. 549; Wade v. Madding, 161 Tenn. 88, 28 S.W. (2d) 642; Pivonka v. Pivonka, 202 Iowa, 855, 211 N. W. 246, 55 A. L. R. 570; Coleman v. Harrison, 168 Ga. 859, 149 S. E. 141; Petition of Robbins, 126 Me. 555, 140 A. 366; In re Dempster's Estate, 247 Mich. 459, 226 N. W. 243; In re Ryan's Estate, 129 Misc. Rep. 248, 222 N. Y. S. 253; In re Schaeffer, 130 Misc. Rep. 436, 224 N. Y. S. 305; In re Ogilvie's Estate, 291 Pa. 326, 139 A. 826; Battaglia v. Battaglia (Tex. Civ. App.) 290 S. W. 296; Turner et al. v. Thomas (Tex. Civ. App.) 30 S.W.(2d) 558; In re Singer's Estate, 192 Wis. 524, 213 N. W. 479; In re Fink's Estate, 191 Wis. 349, 210 N. W. 834; In re Estate of LeRoy W. Cross, 147 Wash. 441, 266 P. 711.

It seems that the Kentucky and Minnesota courts have held to the contrary, but we think that the trial court properly followed the great weight of authority in holding that the remainder of the fund vested in the estate of the insured and should be distributed to those of his heirs as of the date of his death. Authorities supra, and Perryman v. Greer, 39 Ala. 133.

As John D. Forester, the father, was living at the time of the death of the insured, he took, under our statute, one half of the fund which was a vested interest and had the right to dispose of his said interest by will; the other half going to the brothers

and sisters of the deceased or their descendants, if any were dead.

Our case of Perrydore et al. v. Hester, 215 Ala. 268, 110 So. 403, 405, is not in conflict with the present holding. The act of 1925 was not construed except as to its application regarding rights which accrued prior to its passage and held it was therefore only administrative as to rights accruing prior thereto. There both the insured and his named beneficiary, his father, died before the passage of the act of 1925, and the fund had already become vested under existing statutes. Indeed, the opinion expressly states, "However, the present case involves funds accruing prior to the Act of March 4, 1925, and the decision is limited to such case."

The decree of the probate court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.