140 So. 417

## McGILVARY et al. v. REYNOLDS et al.
### 4 Div. 551.

Supreme Court of Alabama.
Jan. 21, 1932.

Rehearing Denied March 31, 1932.

See, also, 223 Ala. 153, 134 So. 857.

Guy W. Winn, of Clayton, for appellants.

436

C. O. Stokes and Sollie & Sollie, all of Ozark, for appellees.

BROWN, J.

The appeal in this case is from a decree of the .circuit court sustaining the general demurrer of the defendants that "there is no equity in said bill," and dismissing the same.

■ While the bill is meager in its averments and singularly wanting in clearness and accuracy in statement, and for this reason is subject to specific grounds of demurrer, it was not subject to the general demurrer for want of equity. Seeberg v. Norvillé et al., 204 Ala. 20, 85 So. 505; McDuffie v. Lynchburg Shoe Co., 178 Ala. 271, 59 So. 567.

The allegations of the bill are, to state their substance, that Jay Reynolds died intestate November 7, 1918, leaving surviving him his widow, Mamie Reynolds, and, as sole heirs at law, the respondents, Alex Reynolds and Victoria Reynolds; that his estate consisted of a policy of war risk insurance, issued in pursuance of the act of Congress, in the sum of $10,000, the policy or certificate naming his wife Mamie as beneficiary to the amount of $7,500, and his mother Victoria, to the amount of $2,500; that according to the terms of the policy the $7,500 was made payable to the wife in two hundred and forty equal monthly installments during her life, and at the time of her death, the date of which is not stated, the commuted value of the monthly installments amounted to $5,009; that the respondents, on the 7th of November, 1927, were duly appointed as the administrators of the estate of the said Jay Reynolds, and received from the United States said sum of $5,009 as such; that the administration of said estate was removed from the probate court into the circuit court of Dale county, for further administration, and on January 29, 1929 (as the parties concede, though the decree set out in the bill is dated July 29, 1929), obtained a final decree, declaring the said Alex Reynolds and Victoria Reynolds were individually entitled to said fund, and discharging them as administrators of said estate.

It further appears that Mamie, after the death of her husband Jay, married the complainant Henry McGilvary, and that the complainant Bobie Sue McGilvary was born to them the lawful issue of said marriage, who survived as her only heir at law.

It further appears that complainant administrator and said minor were not parties to the proceedings in the circuit court.

■ From these facts it appears that the said sum of $5,009 came into the hands of the defendants in their capacity as administrators of the estate, impressed with the trust to distribute the same to the persons entitled to receive it under the law, and the trust cannot be defeated by the trustees converting the fund to their own use, though authorized thereto by the decree of the court, which is res inter alios as to persons not parties to the proceedings (Fuller v. Whitlock, 99 Ala. 411, 13 So. 80), and they are chargeable in equity as trustees in invitum (Chambers v. Chambers, 98 Ala. 454, 13 So. 674; Thompson et al. v. Thompson, 107 Ala. 163, 18 So. 247; Moody v. Bibb et al., 50 Ala. 245).

■ Under the statute, Code 1923, § 7374, and the facts alleged, the widow was entitled to all of the personal estate of her deceased husband, at his death, and her vested interest passed to her husband and son in equal parts, as the distributees of her estate. First Nat. Bank of Chattanooga, Tenn., et al. v. Forester, 223 Ala. 218, 135 So. 167.

The circuit court erred in sustaining the demurrer and dismissing the bill for want of equity, and for this error the decree is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.