Argued April 20; affirmed May 17; rehearing denied June 14, 1932.

### BRADSHAW ET AL. *v.* LITTLEFIELD ET AL.

(11 P. (2d) 288)

*Frank Holmes,* of McMinnville (R. C. Bradshaw, of Portland, on the brief), for appellants.

*E. M. Morton* and *Forrest E. Littlefield,* in pro. per., both of Portland, for respondents.

KELLY, J. The decedent, Harry A. Littlefield, served as a soldier during the World war, and procured war risk insurance in the sum of $10,000. He named

Lucy Littlefield as the beneficiary. When the certificate of insurance was issued, she was his wife. Later, they were divorced.

In the course of his service in the army, he incurred a disability by reason of which certain payments on said insurance policy were made to him.

On April 15, 1921, he died. Thereafter, Lucy Littlefield received monthly payments of said insurance until her death, which occurred on March 13, 1930, at which time $5,806 was due and unpaid on said insurance policy.

Under the terms of the last will and testament of Harry A. Littlefield, E. V. Littlefield was the sole residuary legatee of the estate of said Harry A. Littlefield.

On February 18, 1929, E. V. Littlefield died testate constituting his wife, Althea Littlefield, the sole residuary legatee of his estate.

On March 3, 1930, Althea Littlefield died testate, constituting the defendant, Forrest E. Littlefield, the sole residuary legatee of her estate.

The estate of Harry A. Littlefield was administered by the county court of Yamhill county, Oregon, and on the 21st day of January, 1925, an order of final settlement was duly made and entered.

On June 3, 1930, on petition of the defendant, Forrest E. Littlefield, said county court of Yamhill county, Oregon, vacated said order of January 21, 1925, and appointed the said Forrest E. Littlefield, administrator de bonis non of said estate of Harry A. Littlefield, deceased, with the will annexed.

On October 8, 1930, said administrator, Forrest E. Littlefield, received said sum of $5,806, from the United States Veteran's Bureau in full of balance due

on said policy of insurance issued to Harry A. Littlefield; and ever since said date has had said fund in his possession.

At the time of his death, said insured, Harry A. Littlefield, left surviving him, as his next of kin, plaintiff, R. C. Bradshaw, the sole surviving son of Elizabeth Littlefield Bradshaw, a deceased sister of said insured; plaintiffs Lelia Littlefield Eldriedge, Hazel Littlefield Davidson and Hobart Littlefield, sole surviving children of Horace Littlefield, a deceased brother of insured; and E. V. Littlefield, now deceased, a brother of insured and the father of defendant Forrest E. Littlefield.

Plaintiffs urge that this fund should not accrue to the estate of Harry A. Littlefield but should be paid to those of his relatives who might have been named as beneficiaries, and are also entitled to inherit his personal property under the statutes of Oregon. Plaintiffs also claim that the administrator is a mere depositary, without any discretion, whose only right and duty is to distribute said fund as just stated.

The defendant, Forrest E. Littlefield, contends that the fund in question has become part of the assets of the estate of said Harry A. Littlefield, and that, by virtue of the terms of the last will and testament of said Harry A. Littlefield and those of E. V. Littlefield and Althea Littlefield, as above stated, he, the said Forrest E. Littlefield, as legatee, is entitled to said fund. More plainly stated, the question here presented is whether or not this balance of decedent's war risk insurance is part of the assets of his estate.

A determination of this question requires a construction of the following provisions of the federal statutes:

40 Stat. at Large, part 1, p. 409, § 402, adopted October 6, 1917, provides as to beneficiaries:

"* * * It [the insurance] shall be payable only to a spouse, child, grandchild, parent, brother or sister. * * * If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to this personal property in case of intestacy. If no such person survive the insured, then there shall be paid to the estate of the insured an amount equal to the reserve value, if any, of the insurance at the time of his death."

On December 24, 1919, 41 Stat. at Large, part 1, p. 375, of the statute was amended as follows:

"Sec. 13. That the permitted class of beneficiaries for insurance as specified in section 402 of the War Risk Insurance Act is hereby enlarged so as to include, in addition to the persons therein enumerated, uncles, aunts, nephews, nieces, brothers-in-law and sisters-in-law of the insured. This section shall be deemed to be in effect as of October 6. 1917. * * *

"Sec. 14. That if no person within the permitted class of beneficiaries survive the insured, then there shall be paid to the estate of the insured the monthly installments payable and applicable under the provisions of Article IV of the War Risk Insurance Act.

"Sec. 15. That if any person to whom such yearly renewable term insurance has been awarded dies, or his rights are otherwise terminated after the death of the insured, but before all of the two hundred and forty monthly installments have been paid, then the monthly installments payable and applicable shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the State of residence of the insured, be entitled to his personal

property in case of intestacy; and if the permitted class of beneficiaries be exhausted before all of the two hundred and forty monthly installments have been paid, then there shall be paid to the estate of the last surviving person within the permitted class the remaining unpaid monthly installments.''

On August 9, 1921, 42 Stat. at Large, part 1, p. 156, § 26, Congress again provided:

''Sec. 407. If no person within the permitted class of beneficiaries survive the insured, then there shall be paid to the estate of the insured the monthly installments payable and applicable under the provisions of Article IV of the War Risk Insurance Act.''

And again on June 7, 1924, 43 Stat. at Large, p. 625, Congress provided section 303 (38 U. S. C. A., § 514 note):

''If no person within the permitted class of beneficiaries survive the insured, or if before the completion of payments the beneficiary or beneficiaries shall die and there be no surviving person within said permitted class, then there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable under the provisions of this title.   *   *   *.''

Thereafter, and on March 4, 1925, 43 Stat. at Large, p. 1310, section 14, (38 U. S. C. A., § 514), section 303 of said act of 1924 was amended as follows:

''Sec. 303. If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of

last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment. * * *. This section shall be deemed to be in effect as of October 6. 1917.''

■ "It was within the power of Congress to amend the War Risk Insurance Act and provide for the distribution of the unaccumulated installments and designate additional beneficiaries": *Whaley et al. v. Jones et al.,* 152 S. C. 328 (149 S. E. 841), citing *White v. U. S.,* 270 U. S. 175 (46 S. Ct. 274, 70 L. Ed. 530), *In re Pivonka's Estate,* 202 Iowa 855 (211 N. W. 246, 248, 55 A. L. R. 570).

■ On October 8, 1930, when the balance of insurance was paid to the administrator de bonis non of the estate of the deceased soldier, the provisions of the law of 1925, above quoted, were in effect and had been substituted for all previous conflicting enactments. While these previous acts carried a provision that in case of the death of the beneficiary the money could only go to some surviving person within a limited class, the 1925 act eliminates such provision entirely and provides specifically that, where a beneficiary dies after the death of the insured, any remaining moneys unpaid under the certificate of insurance shall go to the estate of the insured. By the terms of the last will of insured,

the fund in question, subject only to possible diminution for debts or expenses of administration, would pass to the administrator or executor of the estate of E. V. Littlefield; then, in turn to the administrator or executor of the estate of Althea Littlefield, and, subject to the debts and expenses of administration of her estate, to defendant Forrest E. Littlefield.

Mr. Justice Moore, speaking for the Supreme Court of Colorado, has rendered a most illuminating opinion upon the question here involved: *In re McQuade's Estate,* 88 Col. 341 (296 P. 1023). In that opinion this distinguished jurist exhaustively reviews the authorities. He also quotes from an opinion by Mr. Justice Walling, speaking for the Supreme Court of Pennsylvania, as follows:

"This precise question does not seem to have been passed upon by the United States Supreme Court, but it has by numerous state courts, who, with practical unanimity, hold that under the act of 1925, in the absence of a named beneficiary or upon his death, the unmatured installments of insurance belong to the soldier's estate and are distributable as a part thereof."

"Then," says Mr. Justice Moore, "follows a discussion and approval of the decisions in the cases of Palmer v. Mitchell, 117 Ohio St. 87 (158 N. E. 187, 55 A. L. R. 566); Singer v. Tikalsky, 192 Wis. 524 (213 N. W. 479); In re Ryan's Estate [129 Misc. Rep. 248, 222 N. Y. S. 253] supra; Estate of Fink, 191 Wis. 349 (210 N. W. 834); In re Storum's Estate, 220 App. Div. 472 (221 N. Y. S. 771); In re Deeble's Estate v. Tepper, 152 Md. 332 (136 Atl. 536, 55 A. L. R. 578); Battaglia v. Battaglia, (Tex. Civ. App.) 290 S. W. 296; In re Estate of Pivonka, 202 Iowa 855 (211 N. W. 246, 55 A. R. L. 570).

"The contrary doctrine announced in the case of Sutton's Ex'r. v. Barr's Adm'r. 219 Ky. 543 (293 S. W. 1075), was criticized as follows: 'We are unable to fol-

low the reasoning of this last case. Any general scheme for distribution of the insurance fund may sometimes prove unfortunate. Passing it over to the estate of the dead soldier, in the absence of a designated beneficiary, will probably be found as satisfactory as any method that could be devised. In any event, it is enough that Congress has so provided.' ''

Plaintiffs cite: *In re Cross' Estate,* 152 Wash. 459 (278 P. 414); *In re Geier,* 155 La. 167 (99 So. 26, 32 A. L. R. 353); *In re Hallbom's Estate,* 179 Minn. 402 (229 N. W. 344); *Tax Commission of Ohio v. Rife,* 119 Ohio St. 83 (162 N. E. 390); *O'Quain v. United States,* 28 Fed. (2d) 350.

We think that the first four of these cases cited by plaintiffs are not in harmony with the weight of authority nor consonant with the approved rules of statutory construction.

We note that in his opinion in the O'Quain case Judge Dawkins says:

"In other words, in the absence of a named beneficiary, the insurance is payable to the estate of the deceased, to be inherited (presumably) by the legal heirs under the state law," etc.

In concluding his opinion, this learned judge says: "In other words, to state the matter more concisely, it is my view that Congress intended all persons within the classes named as permissible beneficiaries, provided they were designated as such by the insured; but that it was not the purpose as the law now stands, and which governs plaintiff's case, to give the right to claim other than as the same might be accorded by the laws of the state of the insured's domicile."

In addition to the authorities mentioned in the Mc-Quade case, defendants cite: *Coleman v. Harrison,* 168

Ga. 859 (149 S. E. 141) ; *In re Ogilvie's Estate,* 291 Pa. 326 (139 Atl. 826) ; *In re Fink,* 191 Wis. 349 (210 N. W. 834). The first two of these cases uphold the right of the insured to bequeath proceeds of war risk insurance. The Fink case upholds the right of the sole heir of insured to bequeath such insurance by general bequest without specifically mentioning it.

The decree of the circuit court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.