144 So. 575

## McKEE et al. v. JORDAN.

### 2 Div. 12.

Supreme Court of Alabama.

Nov. 25, 1932.

S. F. Hobbs, of Selma, for appellants.

Wm. R. Rountree, Jr., of Selma, for appellee.

THOMAS, J.

The appeal presents a question of distribution of the proceeds of war risk insurance under the agreed statement of facts, the act of Congress, and statutes of force at the date of the death of assured. Title 38, U. S. Code, Annotated, § 514; First Nat. Bank of Chattanooga, Tenn. v. Forester, 223 Ala. 218, 135 So. 167, 168.

In the last cited decision the holding was that the father of insured as beneficiary had no such vested right therein as to prevent a change of beneficiary as to installments not accumulated or accrued "at his death," and that it was within the power of Congress to amend the act and provide for the distribution of the unaccumulated installments (Act of Congress, June 7, 1924, §§ 300, 303, 503, as amended and § 602, 38 USCA §§ 511, 514, 554, and 571); and it was further decided that unaccrued or remaining installments due on a war risk policy upon the death of the first beneficiary, "vested in the estate of the insured" and should be "distributed to those who took under the laws of descent and distribution as of the date of the insured's death."

The facts are: Elva Marvin Jordan, a soldier at the time of his death, October 2,

1918, had war risk insurance, making his father, Jefferson Davis Jordan, the beneficiary, and under that policy the father received the sum of $57.50 monthly during his life; that "under section 303 of the World War Veterans' Act of Congress, title 38, U. S. Code, Annotated, § 514, the death of said Jefferson Davis Jordan, the sole beneficiary, terminated his rights as beneficiary, and the remaining unaccumulated installments under said insurance contract became payable in a lump sum to the administrator of the Estate of said Elva Marvin Jordan, and this sum of approximately $4,400.00 was so paid by the Veterans Administration of the United States of America to the Administrator of the Estate of said Elva Marvin Jordan"; that said beneficiary married Lessie Glass Jordan on the 1st day of May, 1919, which relation continued to the time of his death, when she was left as his widow with no children by that marriage, and the four daughters by his first marriage all being of age.

It is further agreed that at the time of the death of assured in 1918, his "heirs or distributees" were said father and sole surviving parent, four sisters, Mary Ethel McKee, Mrs. Eva Compton, Mrs. Hattie Glass, and Mrs. Edna Glass; that the fund out of which the commissioners or appraisers set apart the $1,000 exemption to the widow "was paid by the Administrator of the insured's estate to the Administratrix of the estate of Jefferson Davis Jordan, as part of the distributive share due Jefferson Davis Jordan from the estate of Elva Marvin Jordan, in accordance with the decision of the Supreme Court of Alabama in the case of First National Bank of Chattanooga, Tennessee et al. v. Forester, 223 Ala. 218, 135 So. 167"; and that the $1,000 set apart as the widow's exemption came into the estate of Jefferson Davis Jordan by payment to the personal representative as part of the funds due said Jefferson Davis Jordan "as his distributive share of the estate" of his son.

Under the Forester Case, supra, from the date of the death of Elva Marvin Jordan to the death of the beneficiary on June 6, 1931, the father had vested interest and the right to receive one-half of the personal property distributed by the administrator of the estate of said Elva Marvin Jordan, and was possessed of that right and interest when he died, and his widow was entitled to the exemption allowed.

It is unnecessary to observe that since the decision in Perrydore v. Hester, 215 Ala. 268, 110 So. 403, it is the recognized general policy that the proceeds of such insurance are not subject to the payment of the debts of the soldier decedent. However that may be, the question before us is the vested right vel non of the distributees of Elva Marvin Jordan's estate which vested in Jefferson Davis Jordan on the son's death, October 2, 1918.

There was no error in the ruling and decree of the probate court, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.