## DUNAGIN'S GUARDIANSHIP *v.* EAST MISSISSIPPI STATE HOSPITAL.

(Division A.   Oct. 23, 1933.)

[150 So. 369.   No. 30748.]

**Montgomery & Montgomery**, of Belzoni, for appellant.

Marshall **W. Amis**, of Meridian, for appellee.

**McGowen, J.,** delivered the opinion of the court.

This case involves a petition of J. B. Gully, state tax collector, filed in the guardianship of Louise Dunagin, non compos mentis, seeking a decree ordering the payment for board and clothing alleged to be due the East Mississippi State Hospital by the ward.

Louise Dunagin was admitted to said hospital on December, 1927. On July 15, 1929, her guardian received one thousand eight hundred dollars by inheritance from the estate of her deceased brother, William C. Dunagin, the latter having received payments of war risk insurance from the United States, a part of which was on hand at his death, and the balance was collected by his administrator and paid over to the guardian of Louise Dunagin. All of the funds coming into the hands of said guardian and said administrator came from the United States under Act of Congress in 43 U. S. Stat. 613, sec. 22 (38 U. S. C. A., sec. 454).

William C. Dunagin left as heirs, his father, I. M. Dunagin; three brothers, George A. Dunagin, Frank Dunagin, and Louis Dunagin; and one sister, Louise Dunagin—each receiving approximately one thousand eight hundred dollars.

At the date of the hearing, there remained in the hands

of the guardian of Louise Dunagin about one thousand seven hundred dollars.

I. M. Dunagin, the father and guardian of Louise Dunagin, is about seventy-four years of age, and, according to his testimony, has no estate, but is supported, in part, by two of his sons. He has never filed any claim as a natural dependent of Louise Dunagin for an allowance for his support, and the county has never supported him as a pauper. In fact, his testimony shows that the claim set up here against the payment of board for the ward that he was a natural dependent of Louise Dunagin, the non compos mentis, is for the purpose of preserving the estate for the daughter; this he frankly stated in his testimony.

The court below directed the payment for board, etc., from July 15, 1929, to the date of the trial with interest, and the guardian appeals therefrom.

Two propositions are presented on this appeal for decision:

First. That the money in the hands of the guardian of Louise Dunagin is exempt from debts under the act of Congress.

Second. That the father of Louise Dunagin was a natural dependent of the said Louise Dunagin, non compos mentis, and therefore there could be no recovery on behalf of the insane hospital for that reason.

On the first proposition, we are clearly of the opinion that there exists no exemption in favor of an heir of William C. Dunagin. The statute cited supra is as follows: "Assignability and exempt status of compensation, Insurance, and maintenance and support allowances. The compensation, insurance, and maintenance and support allowance payable under Parts II, III, IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."

The agreed statement of facts shows that this award

was made, under the acts of Congress, to William C. Dunagin, and that Louise Dunagin, non compos mentis, took her estate as an heir at law of her deceased brother. The award was not made by the United States to Louise Dunagin. That seems to be a sufficient answer. In the cases of Payne v. Jordan, 36 Ga. App. 787, 138 S. E. 262; Perrydore v. Hester, 215 Ala. 268, 110 So. 403; and Rucker v. Merck, 172 Ga. 793, 159 S. E. 501, the question involved was the liability of the estate of the person to whom the award was originally made by the government. The exemption is not allowed to the heirs at law of the person to whom the award was made.

2. Was I. M. Dunagin, the father, a natural dependent of Louise Dunagin within the meaning of the statute, during the time the liability arose and accrued in favor of the state hospital?

The evidence shows that the father, I. M. Dunagin, received the same amount of money that Louise Dunagin received from the estate of William C. Dunagin. The statute controlling the recovery in this case is section 4572, Code of 1930, which reads, in part, as follows: "But if any lunatic or insane person, upon examination, be found to own an estate, over and above all indebtedness, more than sufficient for the support of his natural dependents, his guardian shall pay to the treasurer, in advance, an amount of money equal to six months' board, at a rate not exceeding four dollars per week."

In section 5706, Code 1930, we find that a child is made liable to a county for the support of a parent in a direct action by the county, if and when the parent becomes a charge on the public.

It is sufficient to say, in this case, that no contention of liability of this non compos mentis for the support of her father has arisen during the time for which the court below made an allowance in favor of the hospital. The father had an estate equal in amount to that of his daughter. His evidence shows that he lived economically, and his estimate of the cost of living shows that dur-

ing the period for which the allowance against the non compos mentis for board, etc., he was not a dependent, that he had his separate estate. In addition to that, he has not become a public charge; and no claim has been propounded by the county, and neither has there been a petition, so far as this record discloses, filed on behalf of her father as a dependent, in the guardianship proceedings.

So, as to the decree of the court below, we find no error therein.

Affirmed.