### RICHARDSON v. COOLEY.

1. A woman being entitled to property in her own right, upon her marriage it was settled absolutely upon her during her natural life, with an absolute power of disposition, and it passed as money into the hands of a trustee. The woman survived her husband and died intestate,.leaving issue. *Held,* that action against this trustee, for an account of the trust estate, could be maintained only by an administrator.
2. Parties can set up a claim to personal property, under the statute of distributions, only through regular administration.
3. This case distinguished from *Huson* v. *Wallace,* 1 *Rich. Eq.* 1, and also from *Kaminer* v. *Hope,* 9 *S. C.* 253.

---

Before WALLACE, J., Anderson, March, 1883.

This was an action by J. M. Richardson, assignee of Frances M. Moore, against W. M. Cooley and one of the sureties on his bond, the other distributees of Mrs. Ann Duckworth being also parties defendant. Action commenced December 4th, 1880.

Mrs. Ann Cooley, a widow, with several children, being about to marry Howard Duckworth, who was the father of several children by a former marriage, and both of them being possessed of property in their own right, entered into a contract, by the terms of which Mrs. Cooley renounced all claim of dower and other claims against her intended husband's estate, and Mrs. Cooley retained "the property now in her possession," which was to be "only subject for the demands now against her, which she is to be the real owner and possessor of during her natural life, and to be disposed of by her according to her own discretion." This was in 1846. No trustee was provided for by this settlement.

In 1852, a trustee was appointed, who obtained possession of moneys belonging to Mrs. Duckworth, he having given his bond as such trustee to the commissioner in equity. Howard Duckworth died about 1860, and many years afterwards his widow died, her surviving distributees, under the statute, being her children and grandchildren by her first husband. W. M. Cooley and Mrs. Frances Moore were two of these children. This action was afterwards brought by an assignee of Mrs. Moore's share. Other matters are stated in the opinion. Upon the point decided by this court, the arguments were as follows:

*Messrs. Joseph N. Brown* and *Murray, Breazeale & Murray,* for defendant, W. M. Cooley.

The property was Mrs. Duckworth's own, personal and settled upon her for life only, with no remainders over. At her death, therefore, it was intestate property, distributable under the statute, and could be demanded only by an administrator. 10 *Rich.* 109, 393; 4 *McCord* 427; 9 *S. C.* 253. The trust became executed by the death of Howard Duckworth, or, at any rate, by the constitution of 1868, and Mrs. Moore and her assignee can only claim under the statute of distributions.

*Messrs. Orr & Tribble,* contra.

The objection for the want of proper parties was waived, because not raised by demurrer. *Code,* § 169. Administration not necessary, as it is a suit on Cooley's bond for an accounting. *Hill Trust.* 760; 9 *S. C.* 254. As an appointee of the Court of Equity, Cooley could not be made to account elsewhere. 12 *S. C.* 556; 6 *Id.* 346. The Probate Court cannot grant an administration, for the bond, the only estate, is assets in the hands of the heir. *Gen Stat.,* § 1964.

January 15th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Several questions have been raised in this appeal; but from the view which we take of the case it will not be necessary to consider but one of these questions. This lies at the threshold, and will dispose of the case, so

far as the present parties are concerned, before reaching the other
questions. Besides, it would be improper to pass upon the others,
as the parties legally interested therein are not before the court,
and, therefore, they are not ripe for examination.

One Mrs. Ann Cooley, of Anderson county, in contemplation
of marriage with Howard Duckworth, entered into a marriage
contract with the said Duckworth, whereby her property real
and personal was to remain hers, subject only to the demands
then against her, further stipulating "that she was to be the real
owner and possessor during her natural life, and to be disposed
of by her according to her own discretion." No trustee was
named in the deed; but in pursuance of a petition presented to
the Court of Equity in 1852, the defendant, W. M. Cooley, was
appointed said trustee, who gave bond to the commissioner in
equity in the penal sum of $2,600 for the faithful discharge of
his trust, with J. W. Poore, G. W. Turner and Reuben Poore as
his sureties. Shortly after this appointment, William M. Cooley,
the trustee, received as the trust funds the sum of $1,356.76.
The interest upon this fund seems to have been paid regularly
up to March, 1865, when there was an alleged investment in
Confederate bonds of $500. The interest continued to be paid
on the remainder until March, 1869.

Mrs. Duckworth died in 1879, having lived continuously
with the trustee for the last six years of her life. She died
intestate, having made no disposition of her estate, and leaving
as her heirs-at-law and next of kin and distributees the defend-
ant, W. M. Cooley, Francis Moore and the children of Mrs. J.
W. Poore, deceased. No administration has ever been taken
upon her estate. This action has been brought by the plaintiff
Richardson, who claims one-third of the estate as assignee of
Francis Moore. The action is upon the trust bond, and the
complaint prays an accounting with the view to ascertain the
amount in the hands of the trustee, and that plaintiff have leave
to issue execution in severalty against Cooley, the trustee, for
one-third of the amount ascertained to be due by the master
which he claims as assignee. The defendant answered, setting
up among other defenses—First, that the complaint did not state
facts sufficient to constitute a cause of action; and, second, that

the action could not be sustained in the absence of administration on the estate of the deceased.

We cannot see why this defense was not sustained. It was apparent upon the record that the deceased had died intestate, and that no administration had been taken out upon her estate. The property in question belonged to her and was subject to administration at her death, and we do not know by what authority her next of kin or their assignees could claim possession, except through an administrator. This is not like the case of *Huson* v. *Wallace*, 1 *Rich. Eq.* 1, where there was but one distributee and no debts. On the contrary, here there are numerous distributees besides creditors, or at least one party setting up claims against the estate. Mrs. Duckworth had the right, under the marriage contract, to dispose of the property as she saw fit; but she made no disposition, and the only claim which the plaintiff or the other parties can set up is through the statute of distributions; and there is no mode of enforcing such claims except by regular administration.

The case of *Kaminer* v. *Hope*, 9 *S. C.* 253, has no application here. There the question was, whether the bond of the administrator, executed to the Probate judge, could be sued in the name of the distributees to whom the administrator was accountable; but there is no such question as that here. There it was admitted that the administrator was accountable to the distributees, and the question turned on that fact. Here it is denied (and there is no doubt about the correctness of the position) that the defendant can be held accountable to the distributees in the first instance. It was held in the case of *Kaminer* v. *Hope* that there could be no title in the distributees of an intestate estate, except in due course of administration; and in all suits brought in that character the administrator is a necessary party, referring to 1 *Dan. Ch. Pr.* 295; *Story Eq. Pl.*, § 170; *Bradford* v. *Felder*, 2 *McCord Ch.* 169; *Farley* v. *Farley*, 1 *McCord Ch.* 506; *Gregory* v. *Forrester*, *Id.* 318; *Humphreys* v. *Humphreys*, 3 *P. Wms.* 349. On this ground we think there was error in the judgment below.

It is the judgment of this court that the judgment of the Circuit Court be reversed.