### DARWIN v. MOORE.

1. MORTGAGE.—HEIRS AT LAW cannot maintain foreclosure of mortgage except by consent of mortgagor.
2. FINDING OF FACT that defendant did not sign verification to answer, reversed.
3. MORTGAGE—MARRIED WOMEN.—To make out right of foreclosure against a married woman on note and mortgage executed in 1890, it is only necessary to show that contract was made with reference to her separate estate.

Before BUCHANAN, J., Cherokee, October, 1899. Affirmed.

Foreclosure by John T. Darwin and Ida I. Kennedy, as heirs at law of R. R. Darwin, against Mary M. Moore. The facts as to the verification of the answer are as follows. The name of the defendant appears signed to verification by cross mark. Defendant testified that she had not authorized any one to put her name there, but she testified to the facts stated

therein, and that she employed Mr. Hardin to act as her attorney.   Mr. Hardin testified that he had put her name there at her request, and that she made the cross mark. From judgment for plaintiffs, defendant appeals.

*Mr. N. W. Hardin,* for appellant, cites : *Evidence of defendants' attorney admissible:* 16 S. C., 102; 1 Bail., 32. *This is contract of married woman and cannot be enforced under proof:* 24 S. C., 461; 37 S. C., 354; 56 S. C., 45; 52 S. C., 499; Gen. Stat., 2037.   *This Court may reverse finding of Circuit Judge:* 55 S. C., 195.

*Mr. W. B. deLoach,* contra.

July 11, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   R. R. Darwin departed this life intestate, on the 10th day of November, 1893, survived by the plaintiffs as his only heirs at law and distributees.   At his death, he held as the owner thereof a mortgage on 112 acres of land, situate in Cherokee County, in this State, executed by the defendant, Mary M. Moore, while she was the wife of H. M. Moore, now deceased, to secure a sealed note dated 29th August, 1890, and maturing 29th day of August, 1895, for the sum of $612.93, with eight per cent. interest.   After the death of R. R. Darwin, his two children, the plaintiffs, took possession as the owners thereof of said sealed note and mortgage, and now hold the same as such.   On the 9th day of January, 1899, these two children of the said R. R. Darwin brought an action against the said Mary M. Moore as defendant, to obtain judgment on said note and mortgage. The defendant appeared and answered.   All the issues were referred to a special referee, by whose report judgment for $1,095.11 in favor of the plaintiffs against the defendant, as well as for foreclosure of the mortgage on the 112 acres of land, executed to secure the debt, was recommended. The cause came on to be heard before his Honor, O. W. Buchanan, as presiding Judge, upon exceptions to the report,

the pleadings and testimony.　He decreed in favor of plaintiffs.

The defendant now appeals as follows: "1st. For error in holding that the answer of the defendant was not verified. 2d. For error in holding that 'the testimony fully establishes the fact that the debt secured by the mortgage was created with reference to the separate estate of the defendant, who was at the time of the execution of the note and mortgage, a married woman;' whereas, he should have held, it appearing that the defendant was a married woman, and her separate estate charged with the payment of a debt secured by a mortgage, that it developed upon the plaintiffs to show by the preponderance of the testimony, that the debt represented by the note and mortgage was used for the benefit of her separate estate, and this note being established by the above stated rule of law, judgment should have been in favor of the defendant. 3d. For error in not holding from the testimony that the action was prematurely brought. 4th. For error in not holding that plaintiffs could not maintain this action. 5th. For error in holding that the plaintiffs herein are entitled to the relief asked for in the complaint for the reasons hereinabove stated, and adjudging that the lands of the defendant be sold to pay said debt."

At the hearing before us the appellant abandoned exceptions numbered three and four, hence they are not for our consideration.　This Court deems it a duty it owes in upholding the law in relation to intestate estates, to state that the act of the plaintiffs in avoiding any administration of the estate of their father, by suing in their own names as heirs at law and distributees and as holder of his personal property, cannot be sanctioned.　It is true, Mr. John T. Darwin, one of the plaintiffs, in his testimony states: "There was no necessity for administration in my opinion," but we would state that the opinions of an individual claimant of property cannot outweigh the law. Strictly speaking, there is no ownership of personal property of an intestate by his children; they are only entitled to re-

ceive what is left after paying his indebtedness, and the expenses of administration; the legal title to such personal property of an intestate is in his administrator. But in the case at bar the defendant declines to raise this question, and we fear, therefore, that, *as between the plaintiffs and defendant,* we must decide alone upon the questions here presented.

As to the first question, we agree with the Circuit Judge that the plaintiffs would be entitled to judgment even if the answer of the defendant was verified. But in justice to N. W. Hardin, Esq., who prepared the answer as the attorney of the defendant, it should be stated that this Court is perfectly satisfied that his client, Mrs. Mary M. Moore, signed the answer which was verified by her oath before Mr. Hardin as a notary public. Her testimony to the contrary was but the utterances of a feeble old woman, who did not apparently understand what she was saying in this connection; she admitted that Mr. Hardin came to her house as her attorney and that she laid the facts of her defense before him. This, however, as before intimated, is an abstraction, and we overrule this exception.

As to the second exception, we may remark that all that the law required at the date of this transaction between Dr. Darwin and Mrs. Moore was that it should appear that the contract was made with reference to her separate estate. When this was made to appear, no attention need be paid to the question whether such contract was beneficial to the married woman's estate. When Mrs. Moore was testifying, she certainly in her cross-examination admitted that she "contracted this debt," and at that time "she intended to pay it" * * * "I never contracted any debts except for myself. I owned all the lands, and what debts I contracted I contracted for in the interest of my estate." The good lady evidently was impressed with the idea that she would not be required to pay this debt as long as she lived. And the long credit—five years—given to her by Dr. Darwin evidences the fact that something about a

long credit was talked about between them. But the old lady fixed by her contract as the time for which she was to have credit five years. That time has passed and five years additional have passed. She knew what she was doing when she contracted this debt. It was for her separate estate. The debt is now due, and she must pay it.

As to the fifth exception, it must be overruled for the reasons just given.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.