12603

WHALEY *ET AL.* v. JONES *ET AL.*

(149 S. E., 841)

*Messrs. Lide & Felder,* for appellant,

*Mr. A. J. Hydrick,* also for appellants,

*Messrs. Wolfe & Berry* and *E. B. Friday,* for respondent,

February 26, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

John F. Sawyer, while a soldier in the World War, was granted war risk insurance on his life in the sum of $10,000. His mother, Eudora C. Sawyer, was the duly designated

beneficiary. The insured died intestate in the County of Orangeburg, where he was domiciled, on December 3, 1922, leaving as his only heirs at law, his mother, Eudora C. Sawyer, and his brothers and sisters, to wit, Mrs. Annie S. Jones, Thomas W. Sawyer, Drew Sawyer, Bessie Sawyer, Julia Sawyer, and Mrs. Meta Hall.

The beneficiary, Mrs. Eudora Sawyer, received several monthly installments of said insurance, and died about 18 months after the death of the insured. No other beneficiary was designated by the insured by will or otherwise.

Mrs. Annie S. Jones, a sister of insured, was thereupon appointed administratrix of the insured's estate. The government paid the commuted value of the unpaid installments to said administratrix, which amounted to $8,542, and also the further sum of $1,606.56, unpaid compensation due the insured. These funds are now in the hands of the administratrix to be paid out as directed by the Court. These funds constitute practically the entire estate of insured; his other estate being insufficient to pay expenses of last illness, cost of administration, etc.

The appellant, Parnell Whaley, as administratrix of the estate of V. T. Whaley, deceased, filed for allowance a claim against the estate of insured in the sum of $1,783.62, with interest from July 19, 1926. This claim is based upon a judgment against the insured. This claim will hereafter be referred to as the Whaley judgment.

On the 31st day of October, 1923, Thomas W. Sawyer, brother of insured, assigned in writing "all the right, title and interest" which he had or might have "in the estate" of insured, to O. B. Riley, in order to the better secure a bond and real estate mortgage of said Thomas W. Sawyer to said O. B. Riley, bearing date February 1, 1918, and directed the administratrix of said estate to pay unto O. B. Riley "any money from insurance or otherwise of the estate" of insured "which may be due or become due to me as an heir-at-law and distributee of the said estate." This will hereafter be referred to as the Riley assignment.

The validity of the Whaley judgment is conceded; the execution and consideration of the Riley order and assignment are not questioned. The claim secured by the Riley assignment was proved and filed in the sum of $1,532.98, this being the amount due thereon on September 30, 1924.

The administratrix of insured's estate filed her account after the expiration of twelve months, and asked for her discharge. The only objection made thereto, which we need here consider, relates to the Whaley and Riley claims which were disallowed by the administratrix. On September 9, 1927, the Probate Judge for Orangeburg County passed an order disallowing the Whaley and Riley claims, holding that the Whaley judgment could not be paid out of the funds in the hands of the administratrix received from the United States government as insurance and compensation, and that the Riley assignment was void in so far as said insurance and compensation funds are concerned.

An appeal was had from said order to the Circuit Court by the administratrix of the estate of V. T. Whaley and by O. B. Riley. On November 25, 1927, Judge Shipp handed down an order sustaining the decree of the Probate Judge. Thereupon, the said parties appealed to this Court upon the exceptions set out in the record, which will be reported.

It will be observed that there are but two questions presented for our determination: (1) Are the insurance and compensation funds in the hands of insured's administratrix applicable to the payment of insured's debts? (2) Is the assignment to O. B. Riley by Thomas W. Sawyer of his "right, title and interest" in the "estate" of insured valid? If these questions be answered in the negative, the judgment of the Circuit Court must be affirmed, but if answered in the affirmative it must be reversed.

In construing Section 514 of title 38 of the Code of the United States (38 U. S. C. A., § 514), this Court has held that commuted unpaid installments paid to the estate of insured after death of designated beneficiary, in accordance

with the provisions of said Section, must be distributed to those who answer the description of heirs or distributees at date of insured's death. *Bank v. McNeal,* 148 S. C., 30, 145 S. E., 549, 551. See, also, *In re Cross' Estate,* 147 Wash., 441, 266 P., 711; *Fink's Estate,* 191 Wis., 349, 210 N. W., 834; *In re Storum's Estate,* 220 App. Div., 472, 221 N. Y. S., 771; *Palmer v. Mitchell,* 117 Ohio St., 87, 158 N. E., 187, 55 A. L. R., 566; *Petition of Robbins,* 126 Me., 555, 140 A., 368; In re Ogilvie's Estate, 291 Pa., 326, 139 A., 826; *O'Quain v. United States* (D. C.), 28 F. (2d), 350.

In *O'Quain v. United States, supra,* it was held that Section 12 of the Act Cong. of March 4, 1925 (38 U. S. C. A., § 511), which provides that war risk insurance should be payable only to spouse, child, grandchild, parent, brother, sister, aunt, nephew, niece, brother-in-law, or sister-in-law, or any or all of them must be read in connection with Section 14 of the same Act (38 U. S. C. A., § 514), which provides that, if no person within the permitted class be designated as beneficiary by insured same shall be paid to insured's estate; that said Section 12 merely intended to name these classes eligible as beneficiaries, and not to give any of them the substantive right to claim the insurance without being named as such beneficiaries, except as the same may be accorded by the law of the State where the insured was domiciled at the time of his death. In other words, a person within the permitted class of beneficiaries can take only when designated as beneficiary, unless such person is within the class of heirs of the insured, in which event he would take as heir under the law of the State in which insured was domiciled at the time of his death

The Court below proceeded upon the theory that insurance and compensation can be paid only to those within the permitted class, a position not sustained by the foregoing authorities. We think it is settled, therefore, that upon the death of the designated beneficiary of the permitted class, the unpaid installments are payable to insured's estate, and not to surviving members of the permitted class.

Under Act Cong. June 7, 1924 (43 Stat., 625), the present value of the unpaid monthly installments was to be paid to the estate of the insured only, first, in the event any person within the permitted class of beneficiaries survived the insured, or, second, in the event of the death of the designated beneficiary or beneficiaries before the completion of payment of all the 240 monthly installments, and no other person of the permitted class of beneficiary survived.

While under Act Cong. March 4, 1925, the present value of the unpaid monthly installments are to be paid to the estate of the insured, first, in the event no person within the permitted class be designated as beneficiary or bene-. ficiaries, or, second, in the event the designated beneficiary or beneficiaries do not survive the insured, or survive him and die before the completion of payment of all the 240 monthly installments.

It is clear, therefore, that prior to said Act of 1925, no payment could be made to the estate so long as there was a survivor of the permitted class, while under the Act of 1925, the members of the permitted class are not entitled to receive any part of the insurance, even though they survive the insured, unless designated as beneficiary or beneficiaries by the insured. A person might be a member of the permitted class, and also be an heir or legatee of the insured, in which case he would take, not as beneficiary, but as heir or legatee as the case might be, unless specifically designated by the insured as beneficiary.

It does not appear when the funds in question were paid to the administratrix of the insured, whether before or after Act Cong. March 4, 1925, but since said Act provides that it shall be deemed to be in effect as of October 6, 1917, it is controlling here, since it does not appear that any awards were made after the death of insured's mother, the designated beneficiary, and prior to the passage of said Act of 1925. The latter protects only the beneficiaries to whom awards were made prior to its passage.

No protection is claimed on the part of the insured's heirs under the savings features of this Act, and it is apparent they have none, for the funds were paid to the insured's estate, and such payment manifestly could not have been made if there had been any previous awards, which were specifically excepted from the operation of said Act. The funds in question having been paid to the estate of insured under the Act of March 4, 1925, no law enacted prior to that date, and inconsistent therewith, is applicable.

It was within the power of Congress to amend the War Risk Insurance Act and provide for the distribution of the unaccumulated installments and designate additional beneficiaries. *White v. U. S.*, 270 U. S., 175, 46 S. Ct., 274, 70 L. Ed., 530; *In re Pivonka's Estate*, 202 Iowa, 855, 211 N. W., 246, 248.

In the last-named case, the Court said: "Congress undoubtedly had the power to have made disposition of the uncollected installments of war risk insurance upon the death of the first-named beneficiary. It did so by providing that, upon the death of said beneficiary, the unaccumulated installments should be paid to the estate of the deceased soldier. It would therefore be disposed of as assets of the estate of said decedent and as of the date of the death of said decedent."

*In re Ogilvie's Estate*, 291 Pa., 326, 139 A., 826, 829, Mr. Justice Walling, speaking for the Court, said:

"The distribution of the funds under these insurance certificates is by a governmental agency, and not through the Courts. When, however, the fund is transmitted to the insured's estate, as here, without limitation, it passes under control of the proper State Court, and is distributable thereby. We cannot assume, with no suggestion to that effect, that Congress intended to impose upon the State Courts the duty of distributing such fund to a certain class in exclusion of others. Our Legislature would be powerless to make such designation, for under the State Constitution no special or

local law can be passed, 'changing the law of descent or succession.' Section 7, Article 3, Constitution. Waiving the question of the right of Congress to impose such duty upon State Courts, it is sufficient to say it has not attempted to do so. When Congress desired the fund to be specifically appropriated, as in the case of escheat, it was not turned over to the insured's estate. So, had Congress intended the fund for a certain preferred class, we believe it would have provided that such disposition be made directly by a governmental agency.

"Again, where a named beneficiary dies, after surviving the insured, it seems clear that the unmatured installments become a part of the latter's estate as of the date of his death, although the time when they will actually be received and the amount thereof is then uncertain. See, *In re Singer's Estate, supra* [192 Wis., 524, 213 N. W., 479]; *In re Storum's Estate, supra; Deeble's Estate, supra; In re Pivonka's Estate, supra.* Being a part of the insured's estate, and vesting as such at his death, it vests, in the absence of a testamentary disposition, in his then next of kin under the intestate laws. As a part of the insured's estate, however, it was subject to his testamentary disposition, and by his will in the instant case vested in Margaret Joy Houston, sole legatee."

The heirs at law of the insured did not have a vested interest in the funds in question. What they did have was a vested right to the insured's estate, whatever it might be and from whatever source derived, and whenever it might accrue to the estate. Upon the death of the designated beneficiary, therefore, the estate of the insured was augmented by the present worth of the unpaid monthly installments. When this fund was paid to the administratrix, it became a part of the corpus of said estate.

In *Bank v. McNeal, supra,* this Court said: "It will be observed that the said Act [38 U. S. C. A., § 514] does not undertake to regulate the distribution of said funds after

they are paid to the estate of the insured, but leaves that to be determined by the law regulating the distribution of intestate estates in the State of South Carolina."

The requirement of the Act of 1925 is specific and plain; that is, that the unpaid monthly installments should be paid to the estate of insured without any limitation, except in the event of escheat. It nowhere says that, after being so paid, it shall not be applicable to the payment of insured's debts, or that an heir or distributee of insured should not assign his interest in, or right to, the same.

It will be observed that under the Act of March 4, 1925, the Congress undertook to impose no limitation whatsoever upon the funds in question after they were paid into the estate of the insured, except when the estate of the insured would escheat under the State law. Then, and in that, the escheat should be to the United States and not to the State. This being the only limitation, it follows therefore that the funds in question are assets in the hands of the administratrix to be administered in accordance with the laws of the State of South Carolina, and as such are liable and subject to the payment of the indebtedness of the insured.

As to the Riley assignment, it will be observed that this was not an assignment of insurance, but an assignment of the assignor's interest in the estate of his deceased brother. As above pointed out, when the funds in question were paid to the insured's estate, said estate was augmented thereby and to the extent of the amount so paid to the estate. When these funds were paid to the estate of the insured, they ceased to be insurance or compensation, and became a part of the corpus of the estate of the insured. It follows therefore that the assignment is valid.

The judgment of this Court is that the decree of the Circuit Court disallowing the claims of appellants be, and the same is hereby, reversed.

Mr. Chief Justice Watts and Messrs. Justices Cothran and Carter concur.

MR. JUSTICE STABLER disqualified.

MR. JUSTICE COTHRAN (concurring) : I concur upon the binding authority of the case of *Bank v. McNeal,* 148 S. C., 30, 145 S. E., 549.