12952

MOSS v. MOSS
(155 S. E., 597)

244

*Messrs. Park, McDonald & Todd,* for appellant,

*Mr. F. A. Wise,* for respondent,

July 16, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The undisputed facts giving rise to this action are these:

On February 1, 1918, there was issued to John F. Moss, a World War veteran, yearly renewable term insurance in the amount of $5,000.00, under the Act of Congress approved October 6, 1917, and amendments thereof. On November 27, 1918, the insured died, leaving as his only heirs at law his father, James David Moss, his brother, Ben F. Moss, and his sister, Irene Moss. Thereafter, just when does not appear, Irene Moss died, leaving as her only heirs at law, her father, James David Moss, and her brother, Ben F. Moss. On June 2, 1927, James David Moss died, leaving of force his last will and testament, which has been regularly

probated, wherein he bequeathed and devised all his property to his widow, Mrs. Permelia McCracken Moss, stepmother of the insured.

The record does not show who was the designated beneficiary under the certificate of insurance, but immediately after the death of insured the monthly payments of $28.75 were awarded to James David Moss, father of the insured, and he continued to receive said payments up until his death. J. A. Talbert, Clerk of Court for McCormick County, was appointed administrator of the estate of the insured, and the government paid to him the commuted value of the unpaid installments, amounting to $3,243.

Because of differences of opinion as to a proper distribution of the funds, this suit arose. The matter, heard in the Probate Court for McCormick County, resulted in a decree of Hon. L. G. Bell, Probate Judge, wherein he held that the funds in the hands of the administrator should be paid out as follows: First, to the payment of the costs of administration and the debts, if any, of insured; and, second, that the balance should be equally divided between Ben F. Moss and Mrs. Permelia McCracken Moss.

Ben F. Moss appealed from the Probate Judge's decree to the Court of Common Pleas for McCormick County, and his Honor, W. H. Townsend, presiding Judge, confirmed the judgment of the Probate Court.

Ben F. Moss now appeals to this Court, imputing error to the Circuit Judge in holding that Mrs. Permelia McCracken Moss, stepmother of the insured, was entitled to share in the funds in the hands of the administrator on the ground that she was not related by blood to the insured and not within the permitted class of beneficiaries; and appellant contends that he, being the only heir at law of insured *at the time* said funds became payable, and were paid, to the administrator, should have been decreed to be entitled to all the funds.

It is now the well-settled law of this State that funds paid to the estate of an insured under the War Risk Insurance Act are to be distributed among the heirs of intestate, *surviving at death of insured,* and not those surviving at the death of beneficiary or at time the funds are paid to said estate. *National Union Bank v. McNeal,* 148 S. C., 30, 145 S. E., 549; *Whaley v. Jones,* 152 S. C., 328, 149 S. E., 841; *In re Johnson's Estate,* 154 S. C., 359, 151 S. E., 573.

From the authorities cited, it is clear that, upon the death of insured, his father, James David Moss; his brother, Ben F. Moss, and his sister, Irene Moss, his only heirs at law, were vested with the "right to the insured's estate, whatever it might be and from whatever source derived, and whenever it might accrue to the estate." This right was transmissible, and upon the death of Irene Moss, intestate, her right passed, under the statute of distributions, to her father and brother, James David Moss and Ben F. Moss, equally, resulting in giving to each of these a right to one-half of said estate. The right of James David Moss to one-half of said estate passed under his will to his wife, Mrs. Permelia McCracken Moss.

The only question before the Court is: To whom should the administrator pay the funds in his hands?

Under Section 402 of the Act of Congress, approved October 6, 1917 (40 Stat., 409), war risk insurance, or the unpaid installments thereof, were to be paid to the *estate* of insured *only* in the event no person within the permitted class of beneficiaries survived the insured. The award of monthly payments under the certificate of insurance issued to the insured was made under this act to James David Moss, the father.

Under Section 303 of the Act of Congress, approved June 7, 1924 (43 Stat., 625), such insurance was to be paid to the *estate* of the insured *only* in the event no person within the permitted class of beneficiaries survives the in-

sured, or when the designated beneficiary survives the insured but dies before the completion of the payments, and there be no surviving persons within the permitted class of beneficiaries. But this act in no way affected the award made to the father of the insured under the act of 1917, and the payments were continued to him after its passage.

The above Section 303 was amended by the Act of Congress, approved March 4, 1925, § 14, to read as follows: "Sec. 303. If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment. * * * This section shall be deemed to be in effect as of October 6, 1917." 38 U. S. C. A., § 514.

We desire to here correct a typographical error appearing in the opinion in *Whaley v. Jones,* 152 S. C., 328, 149 S. E., 841, 844, where the word "any" italicized in the following quotation, should be "no."

"Under Act Cong. June 7, 1924 (43 Stat., 625), the present value of the unpaid monthly installments was to be paid to the estate of the insured only, first, in the event *any* person within the permitted class of beneficiaries survived the insured, or, second, in the event of the death of the designated beneficiary or beneficiaries before the completion of payment of all the 240 monthly installments, and no other person of the permitted class of beneficiaries survived." [The italicized "any" should be "no."]

"While under Act Cong. March 4, 1925, the present value of the unpaid monthly installments are to be paid to the estate of the insured, first, in the event no person within the permitted class be designated as beneficiary or beneficiaries, or, second, in the event the designated beneficiary or beneficiaries do not survive the insured, or survive him and die before the completion of payment of all the 240 monthly installments."

It is thus seen that, by the express terms of the Act of 1925, the award previously made to James David Moss was to continue until his death, or until he should forfeit the same under the provisions of the Act. They were continued until his death, June 2, 1927. The unpaid installments were then properly paid to insured's estate, and became a part, if not all, of that estate.

It is clear that an award made under the Act of 1917, or that of 1924, never became a part of the *estate* of the insured, but the payments made under said award became the property of the person to whom the award was made. The monthly payments made to James David Moss constituted no part of the *estate* of the insured, and never were a part thereof. Since the award was made to James David Moss, father of the insured, it is reasonable to suppose that he was the designated beneficiary. Be that as it may, it must be presumed that the Federal government properly made the award to him. Whether properly made or not, that question cannot now concern us, since such pay-

ments constituted no part of the *estate* of the insured, and we are concerned only with *that estate*. If the award was improperly made and the appellant was a proper party to whom such award, or a part thereof, should have been made, then he may, or may not, have a claim against the United States government therefor. Such claim is governed by the Acts of Congress, and it is clear that this Court had nothing to do therewith. The funds paid to the administrator of the insured, and now in his hands for distribution, and constituting a part of the estate of the insured, must be distributed under the intestate laws of this State. It is concerning such distribution only that this Court is concerned.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER and ACTING ASSOCIATE JUSTICE GRAYDON concur.