## First National Bank of Horse Cave et al. v. Cann's Executrix et al.
(Decided Dec. 16, 1932.)

JOHN E. RICHARDSON and MAX B. HARLIN for appellants. H. L. JAMES for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The single question presented in this case is whether the proceeds of a United States government converted insurance policy paid to the estate of the insured soldier is subject to the soldier's debts.

Walter C. Cann, a soldier of the United States, obtained a war risk insurance certificate dated December 7, 1917, whereby he was insured against death in the sum of $10,000 while in the Army of the United States during the World War. On October 18, 1919, he executed a will providing, first, for the payment of his debts, and, second, "After all of my just debts are paid, I give all of the residue of my estate, real, personal and mixed, to my wife, Jessie E. Cann." Application

was made later for the conversion of the war risk insurance into a United States government converted policy, and a policy was issued, dated August 25, 1927, for the sum of $10,000, payable to his estate in the event of death. The exact terms of the policy in this respect were:

"This insurance, subject to the beneficiary provisions hereof, is payable to the estate of the insured, no beneficiary within the permitted class having been designated."

The soldier died testate on January 28, 1928, domiciled in Hart county, Ky., where his will was duly probated on October 3, 1928. The widow qualified as executrix pursuant to the will. The government paid to the personal representative the sum of $9,992.50, which was the proceeds of the converted insurance contract, less a premium charge of $7.50 due thereon. The decedent was survived by his widow and mother. He had no children, and his father had predeceased him.

The controversy is between the creditors of the soldier, and his widow, and concerns the proceeds of the policy. The widow insists that the money, although paid to the estate, is exempt from the debts of the insured. The circuit court so held, and the creditors have prosecuted an appeal.

The question presented is to be determined primarily by the laws of the United States, White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419. The exemption of the money from the debts of the insured is claimed upon three grounds: (1) That the acts of the Congress of the United States (USCA title 38, c. 10, sec. 454) exempt the insurance money from the claims of the soldier's creditors; (2) that a provision of the policy that "the proceeds of this policy shall not be subject to the claims of creditors of the insured, or creditors of any beneficiary to whom the proceeds may be awarded" controls; and (3) that the last will of the soldier was a sufficient designation of his wife as the beneficiary to the exclusion of all others. The statute relied upon reads:

"The compensation, insurance, and maintenance, and support allowance payable under Parts II, III, and IV, respectively, shall not be assign-

able; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all, taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable.

"The provisions of this section shall not be construed to prohibit the assignment by any person to whom converted insurance shall be payable under Part III of this chapter of his interest in such insurance to any other member of the permitted class of beneficiaries. (June 7, 1924, c. 320, sec. 22, 43 Stat. 613.") 38 USCA sec. 454.

It is admitted that the insurance money was payable under part III of the acts mentioned in the quoted section. It will be observed that the statute prohibited the assignment or taxation of the insurance and precluded it from the reach of creditors of any person to whom an award is made. It does not refer to creditors of the insured soldier. It is provided in (Act June 7, 1924, sec. 301, 43 Stat. 624, as amended by Act March 4, 1925, 43 Stat. 1309, and Act June 2, 1926, 44 Stat. 686) part III of title 38 (USCA sec. 512), under which the insurance was issued, that:

"if no beneficiary within the permitted class be designated by the insured as beneficiary for converted insurance, * * * either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured,"

the money shall be paid to the estate of the insured. There is a provision, however, that no payments shall be made to any estate which under the laws of the residence of the insured or the beneficiary, as the case may be, would escheat, but if escheat occurs it must be to the United States. When the Congress provided that such insurance should be paid to the estate of the insured, it meant for the money to become assets of the estate upon the instant of the death of the insured, to be disributed in accordance with the intestacy laws of the state of the soldier's domicile. Singleton v. Cheek, supra. The laws of Kentucky subject the personal

estate of a decedent to the payment of funeral expenses, charges of administration, specific exemptions, and debts, and then requires the residue to be distributed to the next of kin, as defined by the statutes. Section 1403, Kentucky Statutes; Canada v. Canada's Adm'x, 235 Ky. 747, 32 S. W. (2d) 330. But if the personal estate is disposed of by will, as it may be, distribution must be made in accordance with the will, after the payment of the debts of the testator. Dealing with the subject of pensions, bonuses, and veterans' relief, the Congress carefully provided in the various acts that the moneys provided for the soldiers and their dependents should be exempt from the debts of the soldier, but when it came to provide for a payment to the estate of the insured, the language of the exemption was changed. The provision was made that it should not be subject to the claims of creditors of any person to whom an award is made. If an award is made to a soldier in his lifetime, it is exempt from debts under this section. If an award is made to a beneficiary designated in the policy, it is likewise exempt. But when the converted insurance is made payable to the estate of the insured, it becomes assets of the soldier's estate to be disposed of in accordance with the law of the soldier's domicile. Whaley v. Jones, 152 S. C. 328, 149 S. E. 841, certiorari denied 280 U. S. 556, 50 S. Ct. 16, 74 L. Ed. 611; Singleton v. Cheek, supra. The only limitation placed upon the distribution of the fund according to the law of the state of the domicile of the insured soldier was that respecting escheat, in which event the money must be returned to the United States for a particular fund.

We are unable to deduce from the acts of Congress any intent to exempt from the claims of the dead soldier's creditors the insurance money paid to his estate.

The language of the exemption from debts contained in the policy includes the debts of the insured, and that is relied upon as effective for the purpose. It must be borne in mind that the exemption of money from the payment of debts is not a creature of contract, but results from the exertion of legislative authority. 25 C. J. p. 72, sec. 118; Kittel v. Domeyer, 175 N. Y. 205, 512, 67 N. E. 433, 1084. The question remains whether the bureau created for the administration of

the government insurance may by the terms of the contract enlarge the exemption made by the statute. The bureau is authorized to determine the form of the policy and to make regulations within the authority of the statutes. 38 USCA sec. 512, p. 248. The bureau is expressly empowered to make provision in the contract for converted insurance for optional settlements. It is also authorized to include a provision authorizing the beneficiary to elect to receive payment of insurance in installments. It may also by the contract authorize the beneficiary to spread the installments over a longer period of time than that fixed by statute. 38 USCA sec. 512.

We have found no provision of the statute broad enough to make effective a provision in the contract to exempt the insurance money from debts beyond the express limitation of the congressional act. Indeed, it may be doubted whether the insurer and the insured by a provision in the contract of insurance could make it payable to the estate of the insured and exempt it from his debts. Obviously the provision in the policy must be construed in the light of the statute, and confined within the limits set by the legislative grant. In cases where insurance money is exempted from debts, although payable to an estate for certain beneficiaries, it is pursuant to the provisions of a statute of the state. Rose v. Wortham, 95 Tenn. 506, 32 S. W. 458, 30 L. R. A. 609; Schillinger v. Boes, 85 Ky. 357, 3 S. W. 427, 9 Ky. Law Rep. 18; Payne v. Jordan, 152 Ga. 367, 110 S. E. 4; Sulz v. Mutual Reserve Fund Life Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; Funk v. Luithle, 58 N. D. 416, 226 N. W. 595. It is possible that the form of the policy was designed to cover various kinds of insurance, and the provisions therein to exempt the proceeds from debts must be construed to mean and confined to embrace only such exemptions as is prescribed by the acts of Congress.

The act of Congress expressly authorized the insured to designate a beneficiary by his will, with the same effect as if designated in the policy. It is argued that the will of Cann by which he devised the residue of his estate to his wife was a sufficient designation and operated the same as if she had been named the beneficiary in the policy. It certainly would be sufficient for the purpose as against the claim of his heirs, but the

creditors occupy a different position under the laws of the state which have been adopted to determine the distribution. The will of Cann did not purport to designate a beneficiary for the insurance. Indeed, it did not refer to the insurance at all, but included it by an all-inclusive description. It took effect as of the date of the death of the testator, and must speak from that time. Ky. Stats., sec. 4839. It declares, as the primary purpose of the testator, for the discharge of his debts, and the wife is left only the residue of his estate after the payment of his debts. In order for a will to designate a beneficiary under the statute, so as to exclude creditors, it must be specific in that respect. 37 C. J. p. 571, sec. 334; 37 C. J. p. 587, sec. 352; Hatch v.United States (D.C.) 29 F. (2d) 213. All the property devised by the will must descend to the widow by virtue of the will and not as a designated beneficiary of the insurance. And before the will permits any property to pass to her, it requires payment of the testator's debts. If a beneficiary is designated by a will, the insurance must be payable to such designated beneficiary. In this case, however, the terms of the devise to the wife were not capable of construction as such a designation, and the insurance was paid to the personal representative. Before the personal representative would have any residue for distribution, he would have to discharge the debts. Such was the mandate of the will which devised only the residue to the wife.

It results that the insurance money paid to the personal representative became assets of the estate. In re Ryan's Estate, 129 Misc. 248, 222 N. Y. S. 253; In re Dean's Estate, 131 Misc. 125, 225 N. Y. S. 543; Moss v. Moss, 158 S. C. 243, 155 S. E. 597; In re Ogilvie's Estate, 291 Pa. 326, 139 A. 826; Whaley v. Jones, 152 S. C. 328, 149 S. E. 841; Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419. It took the character of all other assets of the estate, and must be distributed in accordance with the laws of Kentucky. Assets of an estate, after allowance of the exemptions created by the state statutes, are liable for the debts of the decedent.

Hence we are constrained to the conclusion that the circuit court was in error in denying the claims for the creditors.

The judgment is reversed for proceedings not inconsistent with this opinion.

Whole court sitting, except Richardson, J.