**BALLENGER et al. v. UNITED STATES.**
No. 1499.

District Court, W. D. Kentucky.
Jan. 30, 1935.

Vernon Shuffett, of Greensburg, Ky., for plaintiffs.

T. J. Sparks, Dist. Atty., of Louisville, Ky., for the United States.

DAWSON, District Judge.

In the original petition in this case, Artie Ballenger, who alleged that she was the widow of Homer R. Ballenger and the designated beneficiary in the war risk insurance policy sued on, was the sole plaintiff. The original petition was filed on September 26, 1932.

The petition alleges that Homer R. Ballenger died on December 26, 1930. On October 9, 1933, the United States filed an answer, denying practically all the allegations of the petition, and particularly that Artie Ballenger was the designated beneficiary. Nothing else seems to have been done in the case until October 8, 1934, when the United States filed a motion to dismiss the action, on the ground that the plaintiff Artie Ballenger was not the designated beneficiary of the policy sued on and that therefore she had no right to maintain the action.

On October 25, 1934, plaintiff filed an amended petition, in which she joined as coplaintiffs the Bank of Columbia, as administrator of the estate of Homer R. Ballenger and also as guardian of Ralph Ballenger, and Pearl Ballenger Morgan. The amended petition alleges the death of Homer R. Ballenger on or about December 20, 1930; and that he left surviving him the plaintiff Artie Ballenger, as his widow, and Ralph Ballenger, an infant son. It is further alleged in the amended petition that the designated beneficiary of the policy was Pearl Ballenger Morgan, a sister. The appointment and qualification of the bank as administrator of the estate of the deceased, Homer R. Ballenger, and also its appointment and qualification as guardian of the infant defendant, Ralph Ballenger, on October 4, 1934, are alleged. It is alleged that Artie Ballenger, the widow, and Ralph Ballenger, the infant son, are the sole beneficiaries of the insurance installments which it is claimed accrued prior to the death of Homer R. Ballenger, and that, as beneficiary, Pearl Ballenger Morgan is entitled to the monthly installments accruing on the policy subsequent to the death of the insured, Homer R. Ballenger.

The motion of the United States to dismiss the original petition will be carried over to the petition as amended. I think the petition as amended must be dismissed.

 Artie Ballenger had no right whatever to maintain the action attempted to be set up in the original petition, as she was not the designated beneficiary entitled to the installments accruing after the death of Homer R. Ballenger, nor could she maintain the action for the purpose of recovering the monthly installments which it is alleged had accrued during the life of the insured. Those latter installments belonged to the estate of Homer R. Ballenger, and an action to recover such under the law of Kentucky could only be maintained by the administrator of Homer R. Ballenger's estate. If Artie Ballenger had been the sole beneficiary of Homer R. Ballenger's estate, and that estate had owed no debts, as it is alleged, after filing her original suit she might have qualified as administratrix and filed an amended petition as such administratrix, to recover the monthly installments which had accrued during the life of her husband, and, upon proper showing in the amended petition that she was the sole beneficiary of these installments, the court would probably have been justified in permitting such amendment to be filed, to avoid the running of the statute of limitation. But she was not the sole beneficiary, and therefore her original action cannot be amended through the device of bringing in the administrator and the other interested parties. Recovery of the monthly installments which accrued during the life of Homer R. Ballenger, in such a situation, can only be had through an independent suit filed by the administrator, and it is too late to file such a suit, and was too late on October 25, 1934, when the amendment was filed. Of course, the right of Pearl Ballenger Morgan to recover for the installments falling due after the death of the insured is entirely independent of the right of the administrator to recover for the installments falling due during the life of Ballenger. I do not mean to say that she and the administrator might not have joined as parties plaintiff in one suit, the administrator asking recovery for the installments accruing during the life of Ballenger, and she asking recovery for the installments accruing after his death. It was too late to do this, however, on October 25, 1934, as limitation had already run. The plaintiffs seek to avoid limitation under that part of the statute which provides: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed." 38 USCA § 445.

That statute has no application to the situation here. It applies only in those cases where the original action, which failed for reasons other than trial on its merits, was brought by the proper person. The statute is designed, in such a situation, to give the same plaintiff an opportunity to refile his suit within a year from the dismissal of his first cause of action. It was never intended to apply to a case where the first suit was brought by a party in whom the cause of action does not lie. If the administrator, before the running of limitation, had brought the first suit to recover the installments accruing during the life of the insured, and the case had been dismissed for some reason other than a trial on its merits, the administrator could have brought a second suit within a year from the date of the dismissal of the first. If Pearl Ballenger Morgan, before the running of limitation, had brought a suit to recover the installments accruing after the death of Ballenger, and her suit had been dismissed for some reason other than upon its merits, she could have brought a second suit on the same cause of action within a year from the date of the dismissal of the first. Furthermore, if the administrator and Pearl Ballenger Morgan, before the running of limitation, had brought a joint suit, the administrator to recover for the installments accruing during the life of the insured, and Pearl Ballenger Morgan to recover for the installments accruing after his death, and that suit had been dismissed for some reason other than upon its merits, they could have filed a new suit within one year from the date of the dismissal of their first action. Certainly, however, it was never intended that the bringing of a suit within the period of limitation by some person who had no right whatever to maintain it would lengthen the period of limitation in favor of the person who did have the right to maintain such action.

Furthermore, the provision of the statute that infants have three years after becoming twenty-one years of age in which to bring actions on war risk insurance policies has no application here. The interest of the infant was not in the installments accruing prior to the death of his father. His interest is only in the estate of his father, and his right of action would be only to collect his interest in the estate—not to collect war risk insurance installment payments as such. The administrator alone has that right. If the infant were the beneficiary named in the policy, a different situation would be presented. That cause of action would be in the infant, and while it could be maintained through his guardian, it is not required to be so maintained. He could wait until he attained his majority and then sue, provided suit was brought within three years after attaining his majority. Such, however, is not the case here.

An order will therefore be entered, dismissing the original and amended petitions.