## BOMAR et al. v. UNITED STATES.
### No. 1561.

District Court, W. D. South Carolina.
Feb. 27, 1935.

Perrin & Tinsley, of Spartanburg, S. C., for plaintiffs.

C. C. Wyche, U. S. Atty., of Spartanburg, S. C., and O. H. Doyle, Asst. U. S. Atty., of Anderson, S. C., for defendant.

WATKINS, District Judge.

The complaint in this action filed December 9, 1931, alleges that Grover Bomar, while serving in the military forces of the United States during the World War, had issued to him a certificate of war risk insurance in the sum of $10,000, naming his mother the beneficiary of the whole amount; that he died intestate December 20, 1926, having been totally and permanently disabled from the date of his discharge to the date of his death; that his mother predeceased him and the plaintiffs are "his only heirs-at-law who would inherit under the statute of distributions of the state of South Carolina;" that they are informed and believe there are no debts of the estate unpaid; and that they are the only persons having any claim or interest in said insurance.

The defendant demurs to the complaint on two grounds, viz.: (1) That it appears upon the face thereof that the plaintiffs are without legal capacity to sue, the insurance under the facts alleged being payable to the estate of the insured and an action to recover the same could be brought only by the administrator of his estate, and (2) that it fails to state facts sufficient to constitute a cause of action in that the facts alleged show that the plaintiffs have no right of recovery.

Both grounds of demurrer raise substantially the same question and that is, Can the action be maintained by the persons who, under the statute of distributions of the state of South Carolina, are entitled to the personal property of the deceased soldier, or is it necessary that it be brought in the name of the administrator of his estate? The original War Risk Insurance Act (section 402, 40 Stat. p. 410) designated a certain restricted class of relatives to whom the insurance might be made payable and further provided that: "If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to his personal property in case of intestacy." Section 402.

On June 7, 1924, there was enacted the World War Veterans' Act providing, among other things, that the benefits, including insurance, which had accrued, "but which has not been paid prior to the death of the person entitled to receive the same, may be payable to the personal representatives of such person." (Chapter 320, § 26, 43 Stat. 614, section 451, title 38 U.S. C.A.).

This section was amended on July 2, 1926 (chapter 723, § 3, 44 Stat. 792, 38 U.S.C.A. § 451), by providing that: "In the absence of a duly appointed legal repre-

sentative where the combined amounts payable are $1,000 or less, the director shall allow and pay such sum to such person or persons as would under the laws of the State of residence of the decedent be entitled to his personal property in case of intestacy."

Section 303 of the World War Veterans' Act, as amended March 4, 1925 (chapter 553, § 14, 43 Stat. 1310, section 514, title 38, U.S.C.A.), reads as follows: "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured, the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which were in course of payment on March 4, 1925, shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this chapter. When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, That no award of yearly renewable term insurance made to the estate of a last surviving beneficiary prior to March 4, 1925, shall be affected by the foregoing provisions. In cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

It will be noted that originally the insurance was not an asset of the estate of the insured in any event, but was payable directly to the distributees within the permitted class. A great number of awards were made by the government and many are yet under process of payment and are protected by the first proviso of the above-quoted section. No doubt, experience proved that it was often difficult to ascertain the persons entitled to payment and it is within the knowledge of the court that in some instances erroneous awards were made. Under the circumstances alleged in the complaint, the insurance, if found to be payable, would be payable in a lump sum amounting to something over $13,000. The history of the act and amendments relative to the mode of payment convinces me that it was clearly the intention of Congress to pay to the administrator of the estate of the insured and to no other person or persons. The money thus paid becomes a general asset of the estate. It was so held by the Supreme Court of South Carolina in the case of Whaley v. Jones, 152 S.C. 328, 149 S.E. 841. It thus becomes the duty of the state court having jurisdiction of the settlement of the estate of the intestate to determine what debts, if any, are payable and to decree distribution to the persons found entitled to receive the same. The language of the statute seems to me to be conclusive on the question. It says specifically: "There shall be paid to the estate of the insured," etc. Such language to my mind indicates a clear intention on the part of the government to make the proceeds of such insurance a general asset of the estate of the insured and to relieve itself of the necessity of determining to whom it belongs. Therefore, the personal representative of the insured alone has the right to assert title and claim to this asset of the estate.

Counsel for the plaintiffs maintain that if the facts alleged in their complaint are true (and for the purpose of the demurrer they must be taken to be true), that is, that the plaintiffs really are the persons who would take the personal estate of the intestate; that there are no debts unpaid; and that no one other than themselves has any right or interest in the insurance, administration is not necessary, and the action may be maintained by the distributees. They have called my attention to the cases of Huson v. Wallace, 1 Rich.Eq. 1, Markley v. Singletary, 11 Rich. Eq. 393, 401; Richardson v. Cooley, 20 S.C. 347, 350, and Grant v. Poyas, 62 S.C. 426, 40 S.E. 891. These cases hold that where there is one heir at law and no debts and these facts are alleged and proven, there is no necessity to administer, and that the sole heir at law may maintain an action to recover the assets of the estate. I have considered these cases carefully. They

affirm the general rule laid down in this state to the effect that an action to recover the assets of an intestate estate can only be maintained by the administrator, but they do permit one exception to the rule and that is where there is only one heir at law and no debts, the action may be maintained. There is no statute in South Carolina conferring the right to sue to recover personal property of an intestate upon his distributees or heirs at law. I know of no case, and counsel have called my attention to none, in this state where the rule has been further extended than in those above cited. The attitude of the Supreme Court of South Carolina on this question is very clearly expressed in the case of Darwin v. Moore, 58 S.C. 164, 36 S.E. 539, 540, decided in 1900. In this case two heirs at law sued to recover on a note and to foreclose a mortgage. The defendant did not demur to the complaint on the ground that the action could only be brought by the personal representative, and, the question not being raised, the court could not, of course, pass upon it, but it did take occasion to say: "This court deems it a duty it owes, in upholding the law in relation to intestate estates, to state that the practice of the plaintiffs in avoiding any administration of the estate of their father by suing in their own names as his heirs at law and distributees, as holders of his personal property, cannot be sanctioned. It is true Mr. John T. Darwin, as one of the plaintiffs, in his testimony states: 'There was no necessity for administration, in my opinion.' But we would state that the opinions of an individual claimant of property cannot outweigh the law. Strictly speaking there is no. ownership of personal property of an intestate by his children. They are only entitled to receive what is left after paying his indebtedness and the expenses of administration. The legal title to such personal property of an° intestate vests in his administrator. But in the case at bar the defendant declines to raise this question, and we fear, therefore, that, as between the plaintiffs and defendant, we must decide alone upon the questions here presented."

Under the common law as it exists in a majority of the American states, and certainly in South Carolina, personal property, including choses in action as well as goods and chattels, vests on the death of the owner in his executor or administrator and does not descend to the heirs except through the medium of administration.

I make these comments upon the. rule in South Carolina and the decisions of its courts as they strengthen my opinion that the plaintiffs in this case are without legal capacity to sue, but if this were not the rule in South Carolina, I would nevertheless hold that under the terms of section 514, title 38 U.S.C.A., the right to sue and recover in a case such as here presented is conferred upon the personal representative alone and that heirs at law and distributees have no right, title, or interest except such as they may acquire through an administration upon the estate. The federal statute makes no exception to the rule and no decision recognizing an exception has been pointed out to me. In the case of Artie Ballenger et al. v. United States (D. C.Ky. Jan. 30, 1935) 11 F.Supp. 911, 912, in a very similar situation, Judge Dawson said: "Artie Ballenger had no right whatever to maintain the action attempted to be set up in the original petition, as she was not the designated beneficiary entitled to the installments accruing after the death of Homer R. Ballenger, nor could she maintain the action for the purpose of recovering the monthly installments which it is alleged had accrued during the life of the insured. Those latter installments belonged to the estate of Homer R. Ballenger, and an action to recover such under the law of Kentucky could only be maintained by the administrator of Homer R. Ballenger's estate."

Under the federal statute it is clear to. my mind that whether there is one heir at law or many the right to sue in a case such as is presented here can be asserted only by the administrator and the demurrer should, therefore, be sustained and it is. so ordered.