## Arms' Committee v. Arms.

(Decided Oct. 8, 1935.)

TANNER OTTLEY for appellant.

S. A. CARY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Albert Arms and Selma Arms were married in October, 1916, and in the early part of the following year the former instituted an action for divorce. Before final action had been taken in the divorce proceeding, Albert Arms was drafted into the army in the World War and did service over seas. He left this country under the impression that a judgment granting him a divorce had been entered. After his discharge from the service, he became mentally deranged, and was by proper proceedings and orders of the Cumberland county court adjudged to be a person of unsound mind, and a committee was appointed for him. Because of disability incurred during the service in the army, he was awarded compensation. His wife made claim for a portion of the compensation and upon investigation the committee found that no judgment had been entered in the divorce action filed by his ward and another action was instituted by Albert Arms, through his committee, for divorce on the grounds of 5 years' separation. He was adjudged the relief sought, but it was

further adjudged that the wife recover a fixed sum per month as alimony.

By amended petition, Albert Arms, by his committee, alleged that the committee had in his hands the sum of $2,725.25 which had been paid him by the United States Veterans' Bureau for compensation due Albert Arms for disability; that this sum was in the bank where it had been deposited by the committee and had never lost its identity as being the same fund paid to him for compensation, and that he had no other money or property in his hands due the ward. He prayed that the claim of the wife for alimony be disallowed on the ground that the money paid to the committee by way of compensation was, under the acts of Congress relating to compensation for disabled veterans, exempt from claims of alimony and from debts of any kind.

On final hearing of the issues made by the amended pleading, it was adjudged that instead of a monthly sum the wife should be paid out of the funds in the hands of the committee which had been paid to him as compensation due the soldier a lump sum of $619.17, and plaintiff is appealing.

It is agreed by counsel for the respective parties, as will also appear from the record, that the only question presented for decision on this appeal is whether money in the hands of a committee for an insane veteran which has been paid him by the government as compensation for the disabled veteran is subject to claims for alimony or other debts of the soldier.

As supporting the contention that such funds are not liable for the debts of the disabled and incompetent soldier, counsel for appellant cite and rely on that portion of section 22 of the World War Veterans' Act (38 USCA sec. 454) which reads:

"The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."

In the recent case of Department of Public Welfare v. Allen, 255 Ky. 301, 74 S. W. (2d) 329, 330, this court was called upon to determine whether money received from the United States for the use of a disabled

veteran was subject to claim of creditors of the veteran. At the outset it was said that the question was one of first impression with no cases to be found from the Supreme Court of the United States or other courts directly in point; but a number of analogous cases involving the construction of section 22 of the act in question from this and other courts including the Supreme Court of the United States were cited. Prominent among the cases from this jurisdiction referred to in the opinion are First National Bank of Horse Cave v. Cann's Ex'x, 247 Ky. 618, 57 S.W. (2d) 461; Smith v. Spicer's Guardian and Committee, 244 Ky. 68, 50 S.W. (2d) 64; Id., 288 U. S. 4300, 53 S. Ct. 415, 77 L. Ed. 875, 84 A. L. R. 1525. In the latter case, the Supreme Court, in affirming the decision of this court, stated in effect that a guardian or committee appointed by the court of this state for an incompetent soldier was not an agent or instrumentality of the United States, and that payment to the guardian or committee by the United States vested title in the ward and operated to discharge the obligation of the United States to the soldier. It was held in the Department of Public Welfare Case, supra, that the possession of a guardian or committee of the veteran is the possession of the veteran. It is therefore apparent that compensation paid to the guardian or committee for the ward becomes the estate of the latter.

In construing this act, it was further said:

"Certainly the provision that payments under the act shall not be assignable refers only to funds which have not yet reached the hands of the beneficiary. * * * Our conclusion is that the language 'compensation, insurance, and maintenance and support allowance payable' as used in section 22 of the Act of 1924 [38 USCA sec. 454] means funds which the veteran is entitled to receive from the United States under the act and not funds which have come into his possession."

Following the reasoning and holding in the Department of Public Welfare Case, it is apparent that the money which had been paid to the committee by the United States as compensation for the ward was not exempt from the debts or claims of the creditors of the latter under the quoted provisions of the World War Veterans' Act.

Counsel for appellant also cite section 13, chapter

638

68, Acts of 1930 (Kentucky Statutes, sec. 2043-13, Baldwin's 1933 Supplement). That section provides in effect that the guardian or committee shall not apply any portion of the ward's estate for the support or maintenance of any person other than the ward except as therein indicated. It is manifest that this section does not apply to debts or claims of creditors of this character against the ward.

Judgment affirmed.